JAMES PARKER ET AL. *v.* MARY McBEE ET AL.

1. VENDOR'S LIEN.   *Waiver.*   *Additional security.*

   Accepting a married woman's note, signed also by her husband, to evidence the purchase-money of land, sold to her in 1871, was not, necessarily, a waiver of the vendor's lien.

2. SAME.   *Assignment of note.*   *Trust.*

   If the vendor held title to the land as trustee, he did not waive the lien by indorsing the note in blank and delivering it to the *cestui que trust* for collection.

3. SAME.   *Attorney at law.*   *Payment.*

   A person buying the land from the vendee on a mistaken statement of the balance, made by an attorney who has the note for collection, cannot discharge the lien by paying this sum while more is legally due.

APPEAL from the Chancery Court of Holmes County.

HON. R. W. WILLIAMSON, Chancellor.

James Parker, Mary Batchelor and her husband, filed this bill on March 30, 1881, against Mary McBee and her husband, Joshua McBee, G. A. Wilson and others, alleging that, on November 22, 1870, Batchelor and wife conveyed the land in controversy to James Parker, who agreed to hold it as trustee to pay a sum of money due him as trustee for Mrs. Batchelor and for her sole use and benefit; that to consummate this purpose Parker sold the land to Mary McBee, and on April 30, 1872, conveyed it by a deed which expressed the consideration as sixteen thousand two hundred and fifty dollars, evidenced by four notes. The last of these notes to fall due is unpaid, and is as follows :—

"On the first day of February, 1875, I promise to pay James Parker or order, four thousand five hundred and fifty dollars, for value received.

" Witness my hand and seal, this, the first day of February, A. D. 1871.

                    (Signed)   " MARY McBEE,      [L. S.]
" $4550.                       " JOSHUA McBEE.   [L. S.]"

Indorsed : "Without recourse on me pay to        or order.   James Parker," and this indorsement canceled.

The bill further alleges that this indorsement was put on the note in order to enable Mary Batchelor, to whom it was delivered, to collect the money; but she returned the note to Parker, for him to sue, and the indorsement was erased; that on March 3, 1881, Mary McBee conveyed the land to G. A. Wilson, who purchased with full notice that the last note was unpaid, as did also his vendees, the other defendants, and that the complainants are entitled to enforce the vendor's lien, although no lien is reserved in the deed; that Joshua McBee was insolvent when his wife bought the land and is now so, and the object in taking his name upon the notes was not to have additional security, but to make the contract with his wife formal.

The defendants, G. A. Wilson and his vendees, demurred to this bill, upon the ground that the vendor's lien was waived both by taking the husband's name and by the indorsement of the note. This demurrer was overruled. The defendants then answered that, before Wilson paid for his purchase, he applied to Garnett Andrews, an attorney at law, who held the note for collection for Parker, to ascertain the balance; that Andrews, after having the interest calculated, wrote to him that only six hundred and sixty dollars was due, and that upon the faith of this statement Wilson gave Mary McBee three thousand dollars, which, with previous payments, fully discharged the debt due for the purchase-money of the land, and this Wilson would not have done but for Andrews's statement.

At the final hearing on all the evidence, the bill was dismissed and the complainants appealed from this decree.

*Nugent & McWillie*, for the appellants.

1. A vendor does not waive his lien by taking the note of the vendee and her husband. *Upshaw* v. *Hargrove*, 6 S. & M. 286; *Russell* v. *Watt*, 41 Miss. 602; *Davis* v. *Pearson*, 44 Miss. 508. In the case of *Doyle* v. *Orr*, 51 Miss. 229, the conveyance was made to the wife, and her note for the purchase-money was signed by husband and wife. It was argued that the husband was surety for his wife and that the vendor had elected to rely upon personal security, and must be presumed to have waived his equity. The court, however, said that it was like a conveyance to the husband by the vendor,

and then a conveyance to the wife. She would be the recipient of the title, and, as against the land, the equity would still exist.

2. The indorsement was for collection only. When it was erased the legal title revested in Parker with the lien. No intention to part with the title appears. To waive the lien, a writing on the back of the note must be coupled with an intent to part absolutely with the title and possession. In this case the contract of indorsement is at an end. The vendor has the note and is owner and may enforce his lien as if no assignment had been made. Parker was trustee, holding the legal title for the benefit of Mrs. Batchelor. He sold as her trustee; he took the note in the same capacity. The mere delivery of the note to his *cestui que trust* for collection, even if continued, could not defeat the equitable lien. *Cotten* v. *McGehee*, 54 Miss. 510 ; *Tiernan* v. *Beam*, 2 Ohio 465 ; *Cox* v. *Wood*, 20 Ind. 54.

3. Andrews's statement cannot be a ground for cutting down the debt. He held the note, as attorney, for collection, and was authorized to accept no less than the amount due. If Wilson had paid him instead of Mrs. McBee, and taken his receipt, this would not have discharged the debt. The calculation made for Andrews has a plain error, and this caused the assertion on which the defendant pretends to have acted. But his position is no worse than before from his action. The fact that he thought that he was out of debt for awhile is something for which he should thank rather than reproach Andrews. It is a comfortable thought which any man should be grateful for being enabled to entertain, even erroneously, for never so brief a time.

*C. V. Gwin*, on the same side.

*H. S. Hooker*, for the appellees.

1. If the vendor has parted with the debt for the purchase-money so that he cannot rightfully collect and appropriate it, he is no longer the vendee's creditor, and his lien has ceased to exist. *Pitts* v. *Parker*, 44 Miss. 247. Cancellation did not avoid the effect of the indorsement under this decision. Mrs. Batchelor owns the note, and the lien is lost. *Skaggs* v. *Nelson*, 25 Miss. 88 ; *Patterson* v. *Edwards*, 29 Miss. 67; *Rutland* v. *Brister*, 53 Miss. 683. The

arrangement between the parties constitutes no trust; and, if it does, this gives Mrs. Batchelor no right to the vendor's lien. The defendants are not her vendees or grantees, and she has no lien as to them. *Mackreth* v. *Symmons,* 1 White & Tudor Lead. Eq. Cas. 289, 481.

2. Taking the husband as a surety on the notes waived the lien, which is a mere implication from the relation of the parties. If the evidence shows that the sale was to the husband, and the deed was made to the wife, the lien exists, because both have notice that there is no intention to waive this right. But here was a sale to the wife, and personal security was taken for the purchase-money, and no fact is proved tending to rebut the presumption that when the deed was delivered the surety was relied on as sufficient protection. The cases of *Davis* v. *Pearson,* 44 Miss. 508; *Doyle* v. *Orr,* 51 Miss. 229, cited by opposing counsel, are not opposed to this view. In each of these cases, the language relied on was used in reference to the fact that the husband was the vendee, and by his request the deed was made to his wife. On the other hand, the decisions in *Fonda* v. *Jones,* 42 Miss. 792; *Foxworth* v. *Bullock,* 44 Miss. 457, and others, establish the proposition that personal security waives the lien, unless the vendor proves that the intention was that it should be retained.

3. Looking at the statement made by Andrews, it is manifest that the note has been paid. This is correct, unless the interest is compounded. After interest is due, it can be capitalized by agreement, but an agreement to charge interest on interest before it is due constitutes usury. Tyler on Usury 240, 241. Andrews was the attorney of Mrs. Batchelor, and he was authorized to make the statement. If the balance is calculated according to the legal rule, which is the method Andrews adopted, the note is discharged. Wilson has paid upon this basis, and doubtless Mrs. Batchelor has accepted the money. She cannot retain this and claim usury.

Campbell, C. J., delivered the opinion of the court.

The lien of the vendor for the purchase-money was not waived by taking the note of the vendee and her husband for the price of

the land. The husband was not "security" in the sense which makes taking security an implication of an intention to waive the lien of the vendor on the land.

The lien of the vendor was not lost by the indorsement of the note by the payee upon the facts shown in the record. It was indorsed for collection merely, and was delivered to the person entitled to its proceeds, and was not assigned so as to destroy the lien of the vendor.

A recovery should be had, for whatever is due upon the note, without regard to the representation made by Andrews as to the sum due. His statement did not bind his client or entitle Wilson to claim a right to settle on that basis. Andrews had no right to accept less than was due, and had no such intention. Any error into which he was led as to the balance due, and any statement he made on that subject, did not preclude a recovery of all that was owing. The reliance of Wilson on the statement of Andrews as to the sum due, although quite natural, was at his peril as to its accuracy, for it was not within the scope of the employment of Andrews as attorney to make representations of what was due, but his business was to collect what was due, and he could not receive less, so as to discharge the debtor, nor promise to receive less, so as to entitle a third person to satisfy the debt by paying less than the sum legally due.

*Decree reversed.*