## SARAH E. RICE ET AL. *v.* W. W. TROUP.

1. SOLICITOR IN CHANCERY. *Whether authorized to assign decree.*

   A solicitor employed to collect money by a suit in chancery has no authority by reason of such employment to assign a decree obtained for his client for less than the full amount due thereon.

2. EVIDENCE. *Parol proof to vary written instrument. Right of stranger and his adversaries.*

   Upon the application of a complainant in a decree for an execution against the defendant therein, who resists, on the ground that the decree has been assigned to a third party by the complainant, it is competent for the latter to show by parol evidence that, though the written assignment is absolute in terms, it was intended by the parties to be only a partial assignment. The defendant, being a stranger to the assignment, is not concluded by its terms, and his adversaries are entitled to resort to parol proof where he could do so.

APPEAL from the Chancery Court of Monroe County.

HON. BAXTER MCFARLAND, Chancellor.

Upon a bill filed by Sarah E. Rice and others, legatees under the will of S. S. Ewing, deceased, against W. W. Troup, the executor, to compel a final settlement of the testator's estate, a decree was rendered on the 2d of September, 1878, in the Chancery Court of Monroe County. This decree adjudged that the defendant was indebted to the several complainants, specified the amounts to which they were respectively entitled, and declared "That, upon the failure of said W. W. Troup to pay said several sums of money with

interest as specified, an execution issue to be levied of the goods, chattels, lands, and tenements of said Troup, except that said Troup may retain in his hands until the final termination of the suit of W. F. Dowd against W. W. Troup, executor of S. S. Ewing, now pending in the Circuit Court of Monroe County, the sum of one hundred and fifty dollars on each full share and interest in the estate, and a proportionately less sum for any share or interest less than a full share or interest, * * * and on the termination of said suit the said Troup shall account to said estate for the amount retained in his hands with interest thereon at the rate of six per cent." * * *

A further paragraph of the decree was in these words : " It is further ordered, adjudged, and decreed that on the payment of the several amounts herein decreed to be paid, and the distribution of the Memphis and Charleston Railroad stock, as herein ordered, and the accounting by said Troup of the amount retained in his hands by this decree, that said W. W. Troup be forever discharged and released as the executor of S. S. Ewing, deceased."

Subsequently, Houston & Reynolds, the solicitors who had obtained this decree for the complainants in the cause, and were by its terms authorized to receive the several amounts due their clients, assigned the same by an instrument of writing, signed by them as " atty's for " the several parties interested in the decree, naming them respectively. After stating the style of the cause, the assignment was in the following language : " The undersigned complainants in the above-named cause do now and hereby assign, transfer, and set over to Weiler, Haas & Kraus all of the shares, interest, right, title, and claims of us and each of us in the decree rendered in the above-named cause in our favor against W. W. Troup, on the 2d day of September, 1878, this transfer being made by us without recourse on us either in law or equity ; and we hereby authorize the said Weiler, Haas & Kraus in our names for their own use to follow said decree to its final execution and payment, provided the same be done without expense to ourselves. This assignment is made in consideration of the payment to us and each of us by the said Weiler, Haas & Kraus of an amount equal

to our respective interests in said decree. In testimony whereof we hereunto set our hands and affix our seals this 16th day of December, 1878."

On the 7th of August, 1884, Sarah E. Rice and others, complainants in the case above referred to, filed a petition therein, stating that the suit of W. F. Dowd against W. W. Troup had long previously been terminated by a judgment in favor of Troup, claiming that under the decree of the 2d of September, 1878, the petitioners are now entitled to collect the several amounts with interest, which were retained by Troup from their respective shares to await the result of the litigation between himself as executor and W. F. Dowd, and asking that an execution be issued for the several amounts due the petitioners. Troup answered this petition, averring that by the assignment above set forth the petitioners had parted with all interest they or any of them ever had in the decree, and therefore are not entitled to have any execution thereupon.

At the hearing of the petition the defendant offered in evidence the assignment of the decree to Weiler, Haas & Kraus. " Petitioners objected to the assignment as evidence, unless the authority of Houston & Reynolds was shown. It was admitted that the paper was signed by Houston & Reynolds, and that they were and had been for several years the solicitors of the parties in this cause." The objection was overruled and the assignment admitted as evidence.

It was agreed between the parties that the evidence not contained in records or written instruments might be adduced orally, and both sides thus presented testimony. The proof establishes the fact that the money reserved by Troup to await the termination of Dowd's suit against him has never been paid, either to the petitioners or to Weiler, Haas & Kraus ; that the latter advanced the money to pay the several amounts due on the decree of 2d of September, 1878, except the sum reserved to await the termination of the Dowd suit; that the money thus advanced was paid by one of the firm of Weiler, Haas & Kraus to Houston & Reynolds; that Troup gave his promissory note to Weiler, Haas & Kraus for the money so paid ; that

the assignment of the decree was taken by Weiler, Haas & Kraus to secure the payment of Troup's note to them, and that Houston & Reynolds had no authority to make the assignment other than such as was incident to their being the attorneys intrusted with the collection of the money due by the decree.

The petitioners offered testimony to show that the assignment was only intended to transfer the decree so far as it had been paid off and satisfied, and that there was no intention to assign or relinquish their claim to the money reserved to Troup in that decree, or in any wise to diminish their right to have issued the execution which they now seek. This testimony was excluded upon the objection of the defendant that it tended to contradict, explain, and vary the written terms of the assignment.

A decree was rendered dismissing the petition, and the petitioners appealed.

*Houston & Reynolds,* for the appellants.

1. It was not shown that Houston & Reynolds, who were the solicitors of appellants in the suit in which the decree was rendered, had any authority to make the transfer read in evidence.

The question presents itself as to the authority of Houston & Reynolds as attorneys to execute the transfer.

The transfer was no compromise of any litigation, but its effect was, as construed by the chancery court, to release for each full interest which they represented the sum of one hundred and fifty dollars, and to transfer it to another.

This transfer was executed after the decree, and when the power of Houston & Reynolds was alone to collect the amount in par funds. Suppose they had transferred the entire decree for the sum of five hundred dollars, will it be pretended that they had any such authority?

The powers of attorneys-at-law are discussed in Wharton on Agency, §§ 585-6, and 592, and in the recent case of *Levy* v. *Brown,* 56 Miss. 83. These authorities certainly establish the principle that an attorney-at-law has no power to assign a suit or transfer a judgment. See cases cited, note 2. See 586, Wharton on Agency.

2. But it was not the intention of Houston & Reynolds to as-

sign that part of the decree which refers to the money which was reserved in the hands of Troup.

All the testimony as to the intention of the parties in executing the transfer was excluded.

The general rule that parol evidence is not admissible to vary a written instrument only applies as between parties and privies, and does not apply as to strangers. Under the rule, as between Weiler, Haas & Kraus and appellants, parol evidence might not be admissible to vary the terms of the transfer. The parties to that transfer are Weiler, Haas & Kraus and appellants, and Troup is a stranger to it. True, the decree is against Troup, but the contract between the assignors and assignees of that decree is between them, and Troup has no connection with it and is not a privy of the assignors or assignees. 2 Wharton on Ev., §§ 920–923, and authorities cited in notes 1 and 2 to § 923.

*Sykes & Bristow,* for the appellee.

1. Were Houston & Reynolds, as attorneys and solicitors of record, authorized by law to make this compromise and assignment?

We deny that the power and authority of an attorney of record cease with the judgment or decree. On the contrary, we submit it is their duty to take all steps necessary to the collection of the money, and to use their best judgment in securing the fruits of the litigation. We deny, too, that an attorney-at-law has no power to assign a suit or transfer a judgment. This court in *Levy* v. *Brown,* 56 Miss. 90, has distinctly declined to indorse the old case in Walker so holding.

2. But counsel insist that Houston & Reynolds never *intended* to transfer the whole decree, and that the Chancellor erred in excluding all the testimony offered tending to *explain,* vary, or contradict the *terms* of the written assignment.

We will not cite authorities to sustain the proposition that where there is no ambiguity of any character, no parol testimony is allowed to explain, vary, or contradict, or to show what the parties intended.

" We are restricted to the interpretation of the language, and proof of intention is only admissible when, in cases of ambiguity,

intention is useful in enabling us to discover *what the language means.*" 2 Wharton Ev., § 937.

But counsel contends that Troup is a *stranger* to the transfer, and, therefore, the rule as to parol proof does not apply in this case, citing 2 Wharton Ev., §§ 920, 923, and notes.

The doctrine, very clearly stated in the authority cited, is : That where a party has no interest in the " *disposition* " made by a " *disposition* " instrument, he is not bound by it and can attack it by parol. But can it be held that Troup, the judgment debtor, had no interest in the subject-matter of the assignment, a " disposition" instrument which transfers him as a debtor from Rice *et al.* to Weiler & Co.

He is no more a stranger to the assignment than the maker of a promissory note or the acceptor of a bill of exchange is to the indorsement. 2 Wharton on Ev., § 923, note 2.

CAMPBELL, C. J., delivered the opinion of the court.

The solicitors of the parties had no authority to transfer the decree. *Levy* v. *Brown,* 56 Miss. 83; *Parker* v. *McBee,* 61 Miss. 134.

If the transfer of the decree was valid, it was admissible as against the appellee to introduce parol evidence to limit the operation of the assignment. He was not a party to the instrument, but a stranger to it. Its terms would not conclude him, because not a party to it, and his adversaries have the same right to resort to parol evidence that he would have. *Whitney* v. *Cowan,* 55 Miss. 626; 1 Greenleaf on Ev., § 279; 2 Wharton's Law of Ev., § 923, and cases cited; 2 Taylor on Ev., § 1149 (7th edition).

*Decree reversed, and decree here for payment by the appellee of the sum due, in default of which execution may be issued therefor.*