HIRAM E. HILLIARD ET AL. *v.* GEORGE CHEW.

1. JUSTICES OF THE PEACE. *Territorial jurisdiction.* *Code* 1892, § 2395.

   A justice of the peace is without jurisdiction of a suit on a debt contracted in another justice's district of the county by a sole defendant who there resides and is a householder or freeholder of the county, there being in such other district a magistrate qualified to hear and determine the cause.

2. SAME. *Judgments.* *Injunction.*

   The execution of a judgment rendered by a justice of the peace in a suit of which he had no jurisdiction may be enjoined in equity.

FROM the chancery court, second district, of Coahoma county. HON. A. H. LONGINO, Chancellor.

George Chew, the appellee, was complainant in the court below; Hilliard and others, appellants, were defendants there. The suit sought to perpetually enjoin a judgment, rendered against Chew in appellants' favor, before a justice of the peace of district four of the county. It was tried upon an agreed statement of facts in these words, viz.: "The complainant was a resident householder and freeholder of beat five of Coahoma county, Mississippi, at the time of service and judgment against him before J. P. Rilly, a justice of the peace in beat four, as alleged in the original bill in this case. That the debt so sued on was contracted in beat five. At the time of the institution of said suit against the complainant by the defendants herein, and at the time of said judgment, there was an acting justice of the peace competent and qualified to try said suit in said beat five. That personal service was had against the defendant in said suit in beat four, where he was at the time suit was filed and summons issued, and was severed by a constable of said beat four in beat four."

The decree of the court below perpetuated the injunction which had been issued upon the filing of the bill, and the defendants appealed to the supreme court. The opinion contains a further statement of the facts.

*Butt & Butt*, for appellants.

Defendant Chew admits that he owed the debt and does not tender the money. He who seeks equity must do equity. On exactly the same ground this court refused relief in *Dean* v. *Robertson*, 64 Miss., 195.

The only thing set up in the bill for which the complainant seeks extraordinary relief by injunction is simply a personal right which he could have set up in the court of the justice of the peace upon a plea in abatement and had that question determined by his honor the magistrate. If need be he could have appealed to the circuit court, and, perchance, to the supreme court.

The record in the justice court does not show that Chew lives in another beat. The justice court had full powers to try the question. Of course the case might be different if the justice court had no jurisdiction of the cause of action and of Chew. Not so in this case. The record shows all the jurisdictional facts. If Chew had appeared and pleaded in bar it would have been a waiver of all pleas in abatement, and just so when he declined to plead at all. No fraud is charged in the bill.

It is conclusively true that Chew owed the debt and likewise that the court had jurisdiction of the subject-matter and of the person at the time the judgment was rendered, and it is conclusively true that the judgment is good and must stand as rendered by the justice court. Everything appears of record making the judgment conclusive against Chew. A judgment is not merely *prima facie* evidence of its validity, but is conclusive when the record shows jurisdiction over the person and subject-matter, and the statement of the record as to jurisdic-

tional facts are conclusive and cannot be impeached or denied, otherwise there would never be an end of a lawsuit and litigation would become more intolerable than the evils it was intended to remedy. *Buford* v. *Kersey et al.*, 48 Miss., 642; *Perry* v. *Lewis*, 49 Miss., 443.

*Fitzgerald & Maynard*, for appellee.

The position of appellants' counsel that mere want of jurisdiction of the person may be waived is well taken, but their contention that because appellee declined to appear and plead want of jurisdiction he waived the want of jurisdiction, is without merit. If the justice had no jurisdiction to require the appearance of appellee the latter was certainly under no legal obligation to appear, and it is absurd to say that a legal judgment could be rendered against him because he did not appear. If appellee had attended the court and said nothing he would not thereby have waived the want of jurisdiction. The waiver must have been explicit. George's Digest, 452; 12 Am. & Eng. Enc. L. (1st ed.), 299 and notes.

The justice of the peace of beat four certainly had no legal power to require the appellee to appear before him upon the penalty in case he did not appear of having judgment rendered against him. If the justice had that power, then he had jurisdiction of the person of appellee. The fact that appellee was served with process while temporarily in beat four makes no sort of difference. The jurisdiction is governed by code of 1892, § 2395.

TERRAL, J., delivered the opinion of the court.

On the twelfth of August, 1895, at Clarksdale, in the fourth district for the election of justices of the peace of Coahoma county, before a justice of the peace thereof, a judgment was rendered in an action of assumpsit in favor of H. E. Hilliard against George Chew for $195.63. The judgment was rendered by default upon personal service. George Chew, at

the time of the bringing of the suit and of the judgment, was a resident householder and freeholder of district number five of said county, where the debt was contracted, and where there was an acting justice of the peace qualified to try the suit.

Execution, issued upon the judgment, was levied upon seven bales of cotton as the property of Chew, when he filed his bill herein and obtained a perpetual injunction against the enforcement of the judgment.

As the justice of the peace of district number four did not acquire jurisdiction of the cause of action between the parties, the judgment against Chew was void, and the decree giving him a perpetual injunction against it is approved.

*Affirmed.*