ESTHER COMENITZ ET AL. *v.* BANK OF COMMERCE.

1. JUSTICE OF THE PEACE. *Judgment. Process. Service. Time.*

The judgment of a justice of the peace rendered in a civil case against a defendant, not a non-resident or transient person, upon less than five days' service of process, is utterly void. (For the exception of non-residents and transient persons, see Code 1892, § 2399.)

2. SAME. *Judgment against two or more. Entirety. Void as to one, void as to all.*

The judgment of a justice of the peace, rendered in a civil case against two or more defendants, is an entirety, and being void as to one, is void as to all of them.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Comenitz and others, appellants, were complainants, and the Bank of Commerce, appellee, was defendant in the court below. From a decree sustaining a motion to dissolve an injunction, the complainant appealed to the supreme court.

The Bank of Commerce brought suit against Comenitz and a number of others, the appellants, in a justice of the peace's court. Service of summons was had on Comenitz on the 19th day of September, 1903, and on the other defendants, now complainants and appellants, in said suit, several days before that date. Judgment was taken by default against all the defendants, now complainants and appellants, in said suit, on the 23d day of September, 1903. Subsequently an execution was issued by the justice of the peace who rendered the judgment, and placed in the hands of the sheriff, who levied on some personal property belonging to the defendants, now complainants and appellants, in said suit. The defendants, now complainants and appellants, in said suit, all joined in the bill in this case, charging the above facts, among others, and praying for a writ of injunction restraining the plaintiff in execution, the Bank of

Commerce, and the sheriff from proceeding under the execution issued on the justice of the peace's judgment, alleging that it was void because taken by default when defendant thereto, Comenitz, had been served with summons less than five days before the judgment was rendered. Answer was filed by the bank, and a motion was made and sustained to dissolve the injunction. There was no pretense that Comenitz was a nonresident or transient person, and she was not proceeded against as such in the justice's court.

*Harper & Harper,* for appellants.

The taking of the judgment against Mrs. Esther Comenitz made the judgment void as to each and all of the defendants. In the case of *Hulme* v. *James,* 55 Am. Dec., 775, Hemphill, C. J., says: "The judgment is void as against Burtridge, and, as it is indivisible in its nature, it is necessarily void as against the other defendants."

See also *Sherrard* v. *Nevins,* 52 Am. Dec., 508, and note 510, where other cases are collected. The principal case cited, *Long* v. *Garnett,* 45 Tex., 401, is to the point that a judgment is not divisible. Numerous authorities might be cited from other states, but we will turn confidently to our own Mississippi decisions. Judgment not on personal service taken at the first term of the court has been uniformly held to be void. *Herman* v. *Stricklin,* 60 Miss., 237. It has likewise been uniformly held that a judgment taken on personal service, with less than five days' personal service, is also absolutely void. *Calhoun* v. *Matlock,* 3 How. (Miss.), 72; *Jones* v. *McGahey,* 1 How. (Miss.), 128; *Gibson* v. *Currier,* 35 South. Rep., 315.

*Barber & Mize,* for appellee.

Before appellants can be heard to complain in a court of equity they must first have done all they possibly could have done in a court of law to rid themselves of what they claim to be an erroneous judgment.

Comenitz did not appear in court on the return-day of the summons, though she had four days' notice. While it was not incumbent on her to appear on that day, yet, by § 2401, Code 1892, she should have appeared at the term next after the one to which said summons was returnable, as the service on her required her under said section to do. She failed to appear either to contest the action or to move the court to set aside what she claims to be an erroneous and void judgment, which she had a right to do.

Appellants also failed to appeal to the circuit court, which they should have done if they felt themselves aggrieved by the judgments of the justice's court. They did nothing but lay by until the five days for appeal had elapsed; nay, they did nothing for more than six months. In fact, they did nothing until execution was issued against them on said judgment. Is a case conceivable where parties have been more derelict in looking after their own interests? They seem to have an idea that they can come into a court of equity and ask that court to do for them what they could have done for themselves in a court of law.

What were the duties of appellants before they could be heard in a court of equity? As to Jacobs, there is a valid judgment against him, he having been served with the required notice before the rendering of said judgments and not having appeared to contest same. What was his duty if he felt aggrieved? Plainly to appeal to the circuit court. Having failed to do this, he has no standing in a court of equity. As to Comenitz, it was her duty to have appeared at the term of the justice's court next following the term to which the summons was returnable. *Newman* v. *Taylor,* 69 Miss., 670. Or she could have appealed to the circuit court.

A defendant against whom a judgment by default has been rendered at the return term, service of summons having been made less than five days before the return term, shall make a motion at the term of said court, next succeeding the return term

of the summons, to vacate said judgment. *Meyer* v. *Whitehead,* 62 Miss., 387.

If a defendant against whom a judgment at law has been rendered without service of process seeks relief in the chancery court, he must show not only want of notice, but that he has a good defense to the cause of action. He must do equity. *Stewart* v. *Brooks,* 62 Miss., 492; *Newman* v. *Taylor,* 69 Miss., 670. And these two cases are conclusive on the case at bar.

We invite the close attention of the court to the principles of law therein announced, believing that they govern each and every question involved in this case.

Argued orally by *A. Y. Harper,* for appellants, and by *E. M. Barber,* for appellee.

Whitfield, C. J., delivered the opinion of the court.

The judgment was absolutely void as to appellant Comenitz, and, being an entirety, was void as to all the defendants. This is the well-settled Mississippi doctrine.

*The decree is reversed, cause remanded, with instructions to reinstate the injunction and make it perpetual.*