## CATLETT *v*. DRUMMOND ET AL.

[74 South. 323, *In banc.*]

1. JUSTICES OF THE PEACE. *Default judgment. Validity.*

In an action in a justice of the peace court on an open account, where the defendant who was a freeholder in another district failed to appear pursuant to a summons and a default judgment was rendered against him, such judgment was valid, since the privilege conferred by Code 1906, section 2724, fixing the venue of actions before a justice of the peace against a freeholder or householder in the district of such freeholder or householder's residence is merely a personal privilege which may be waived by failure to claim it in the proper manner and at the proper time by objecting at the trial to the cause being proceeded with and proving the existence of the facts upon which such a claim must rest.

2. JUSTICES OF THE PEACE. *Restraining enforcement of judgment. Procedure.*

In a proceeding to enjoin the enforcement of a judgment rendered by a justice of the peace, complainant must charge and prove that he had a meritorious defense to the claim sued on in the justice of the peace court before he can obtain relief in equity even though the judgment rendered by the justice of the peace against him was void.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.

Suit for injunction by N. W. Drummond and another against Margaret Catlett. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Vardeman & Vardeman*, for appellant.

In this brief we wish to call the court's attention to the case of *Welch* v. *Hannie*, reported in 72 So. 861 (Advance Sheets No. 22, dated December 9, 1916), the case being decided by Division B. of this court on November 13, 1916. In this case, *supra*, the judgment enjoined was a

voidable judgment and in the bill for an injunction the complainant alleged that he had a good and adequate defense at law. The injunction was granted by the lower court and on hearing was made perpetual. The plaintiff at law appealed and this court held that as the complainant failed to set up and prove that he had an adequate defense at law, to the satisfaction of the chancellor, the case must be reversed, the injunction dissolved and the bill dismissed. In the opinion of court written by Justice SYKES, the court states:

"The rule is well settled that an injunction should not be granted by the chancery court to prevent the issuing of an execution based upon a judgment at law unless the facts show the clearest and strongest reasons for the interposition of the court of chancery.

"'Applications for relief in chancery against judgments at law will at all times be viewed with close scrutiny, and an injunction to prevent the enforcement of such judgment will not be granted except upon facts which show the clearest and strongest reasons for the interposition of chancery. The court will not entertain a party seeking relief against a judgment which has been rendered against him in a court of law in consequence of his default in regard to steps which might have been successfully taken in the court of law, unless some reason founded in fraud, suprise, or some adventitious circumstances beyond the control of the party be shown to excuse such default.' 16 Am. & Eng. Encl. of Law (2 Ed.), page 374.

"It is well settled law in this state before a court of chancery will take jurisdiction in a matter of this character the complainant must allege in his bill and prove, if the fact be denied, that he has a good and meritorious defense to the action at law. It is incumbent upon the complainant to set out in his bill, and also to prove the facts showing such defense. It is not enough that he merely allege the conclusion of law of such defense." *Newman* v. *Taylor,* 69 Miss. 670, 13 So. 831; *Stewart* v. *Brooks,* 62

Miss. 492; *Walker-Durr Co.* v. *Mitchell,* 97 Miss. 231, 52 So. 583; 16 Am. & Eng. Ency. of Law (2 Ed.), page 386.

"In the petition of complainant he alleged the conclusion of law that he had a good and meritorious defense to the action at law, but he failed to state any facts showing what his defense was. The answer of defendant put in issue this proposition. In his testimony the attorney of complainant merely stated that the complainant had a good and meritorious defense to the action at law, but failed to state the facts showing what this defense consisted of. This was but a legal conclusion of the attorney, and was not admissible as testimony. We therefore conclude that the plaintiff failed to allege and prove the essential fact, *viz*: that he had a good and meritorious defense to the action at law."

The above opinion, we think, correctly states the law governing this question and it has been the law in this state, with one exception, since "the memory of man runneth not to the contrary." The only exception to the holding of the court in the *Welch Case, supra,* is in the case of *Hilliard* v. *Chew,* 76 Miss. 763. The Chew case was brought to the attention of this court in the Welch case and the opinion in that case must, of necessity, overrule the Chew case.

*V. J. Stricker,* for appellee.

The justice of the peace had no jurisdiction, and having no jurisdiction, his proceedings were void. Indeed, counsel for appellant begins his argument thus: To begin with, he says: "I will concede that the judgment rendered in Justice FEATHERSTONE's court against Drummond, appellee in his case, was absolutely void, because he had no jurisdiction to try the case."

And counsel commenting on the supreme court's decision in the leading case of *Hilliard* v. *Chew,* 76 Miss. 763, says: "Following strictly, and construing literally, the language of section 2724, Code 1906, this might be sound pronouncement of the law."

We say that the opinion of this court in the case of *Hilliard* v. *Chew, supra* is a "sound pronouncement" of the law. Because statutes limiting the territorial jurisdiction of justices of the peace are to be "followed strictly, and construed literally." And this is the principle which guided this court in its decision in the case of *Hilliard* v. *Chew*—a case which well settles the dispute here.

The court in that case said: "As the justice of the peace of district number 4 did not acquire jurisdiction of the cause of action between the parties the judgment against Chew was void, and the decree giving him a perpetual injunction is approved."

This word "void" was the determining factor in the Chew case, and is so in all like cases. And when counsel admit that the judgment in the instant case was absolutely void, they admit that this court in the Chew case could not legally reach any other conclusion in the instant case than the conclusion reached in the Chew case. For when they admit that the judgment rendered by the Justice of the Peace was absolutely void, they admit very tacitly that that which appeared to be, and probably in form was, a judgment, was, in substance nothing.

"A void judgment is, in legal effect, no judgment at all. No rights are acquired, or divested by it. It neither binds nor bars any one, and all proceedings founded on it are worthless." 29 Am. & Eng. Ency. Law, 1067.

"A void thing is, in legal effect, no thing. 40 Cyc. 214. "All acts and proceedings of a justice of the peace without, and beyond his jurisdiction are *coram non judice* and void." 24 Cyc. 501. See also *Cain* v. *Simpson*, 53 Miss. 521; *Turner* v. *Lilly*, 56 Miss. 576; *Richardson* v. *Davis*, 59 Miss. 15; *Gibson Co.* v. *Mills*, 95 Miss. 726.

It is easy, from this premise, to deduce the error in all that follows of counsel's argument. For beginning with a void judgment—a nullity, they necessarily end with the same thing. For nothing only come out of nothing. And for this reason this court held in *Hilliard* v. *Chew*,

76 Miss. 763, that the "decree giving Chew a perpetual injunction is approved."

Our friends also confuse void judgments with judgments merely voidable. For that which is void is that which in law is non-existent, and that which is non-existent is that which in law is no foundation for any kind or process or proceeding.

Section 2724 limits the territorial jurisdiction of a justice of the peace to his own district, when there are other qualified justices in the residential district of the freeholder. And as a justice of the peace in this state acquires his territorial jurisdiction from statute, he can render no judgment outside of the jurisdiction prescribed. What he does contrary to these limitations is void.

These statutes are to be "followed strictly, and construed literally," otherwise, instead of conferring jurisdiction, they would confer discretion and, through discretion license, which might result in a menace to liberty. It was this legally literal and strict construction of section 2724 which resulted in the court's "pronouncement of the law," in the Chew case.

. This case calls for the same disposition. It is not a question for a judgment which is voidable, and which, by neglect, may ripen into validity. It is, as Mr. GREAVES says: "absolutely void, because the court had no jurisdiction to try the case."

Consequently, it was, "in legal effect, no judgment at all. No rights were acquired or divested by it. It neither binds nor bars any one, and all proceedings founded on it was worthless." 29 Amer. & Eng. Enc. L. 1067. Consequently the court in *Hilliard* v. *Chew*, said: "As the justice of the peace of District No. 4 did not require jurisdiction of the cause of action between the parties, the judgment against Chew was void, and the decree giving him a perpetual injunction is approved."

SMITH, C. J., delivered the opinion of the court.

In January, 1914, appellant instituted suit upon an open account against Drummond, in the court of F. M. Featherstone, a justice of the peace in district No. 1 Hinds county. Drummond was personally served with summons more than five days before the return day thereof, and, failing to appear pursuant to this summons, judgment by default was rendered against him. About a year after the rendition of this judgment, appellant sued out a writ of garnishment against T. E. Lewis, alleging that he was indebted to or had in his hands effects of the said Drummond. Lewis failed to answer this garnishment, and a judgment by default was rendered against him. Afterwards Drummond and Lewis exhibited their bill in the court below, alleging the foregoing facts, and that the judgment against Drummond by the justice of the peace is void for the reason that the debt upon which he was sued by appellant was contracted in Madison county, and that at the time of service of process upon him and of the rendition of the judgment he was a resident freeholder of justice's district No. 5 in Hinds county, and that there was at the time an acting justice of the peace in district No. 5, qualified to try the suit, which allegations were not denied, and were found by the chancellor to be true. The bill did not allege, nor was any evidence introduced by appellees to show, that Drummond had a meritorious defense to appellant's claim. The prayer of the bill was that the collection of the judgments rendered against appellees be perpetually enjoined; and the appeal is from a decree in accordance therewith.

The cause of action upon which Drummond was sued by appellant in the justice of the peace court was transitory in character and within the general jurisdiction of such a court, and the fact that Drummond may have been at that time a freeholder or householder of another district cannot now be availed of by him, for the reason

that the provision of section 2724, Mississippi Code of 1906, fixing the venue of actions before a justice of the peace against a freeholder or householder in the district of such freeholder's or householder's residence, confers "a mere personal privilege, which may be waived by failure to claim it in the proper manner and at the proper time;" that is, by objecting at the trial to the cause being proceeded with, and proving the existence of the facts upon which such a claim must rest; from which it follows that the judgment rendered against him by the justice of the peace is valid. 40 Cyc. 111; 22 Ency. Plead. & Prac. 815.

In so far as appellee Drummond is concerned, the decree of the court below must be reversed, for the further reason that he neither averred nor proved that he has a meritorious defense to appellant's claim. This must be done before he can obtain relief in a court of equity, even should it be conceded that the judgment rendered by the justice of the peace against him is void. *Stewart* v. *Brooks,* 62 Miss. 492; *Newman* v. *Taylor,* 69 Miss. 670, 13 So. 831; *Walker-Durr Co.* v. *Mitchell,* 97 Miss. 231, 52 So. 583; *Welch* v. *Hannie,* 72 So. 861. Whether this last reason for reversing the decree can be availed of against appellee Lewis we do not now decide. The case of *Hilliard* v. *Chew,* 76 Miss. 763, 25 So. 489, which was followed by and fully supports the court below, was erroneously decided, is in conflict with the cases hereinbefore cited, and is hereby overruled. In the case of *Comenitz* v. *Bank,* 85 Miss. 662, 38 So. 35, it does not appear, either from the statement of the case by the reporter or from the opinion rendered by the court, whether or not appellants had a meritorious defense to the judgment sought to be enjoined, so it may be that that case is not in conflict herewith.

*Reversed and remanded.*