Boutwell, Sheriff, et al. *v.* Grayson.

[79 South. 61, Division B.]

1. Judgment. *Validity. Process.*
    In order to have a valid judgment there must be either a valid service of process upon the defendant or an appearance or waiver of process.

2. Sheriff and Constables. *Authority beyond limits of district.*
    A constable cannot go beyond the confines of his district and serve process, since under the law he is elected by and for a district and is limited in his action to his district.

3. Judgment. *Process.*
    A judgment void as to one is void as to all. In order to authorize the entry of a valid judgment there must be legal process or waiver thereof upon all of the defendants against whome judgment is taken.

4. Judgment. *Entry of void judgment.*
    Where suit is brought against several defendants but only a part of them are summoned, a judgment against all of them is void as to all, but such a judgment does not operate as a discontinuance of the suit and plaintiff may have summons issued as to the other defendants and on the return day thereof proceed with his suit.

Appeal from the chancery court of Jones county.
Hon. G. C. Tann, Chancellor.

Bill by A. E. Grayson and others against Allen Boutwell and another. Decree for plaintiff, and defendants appeal.

The facts are fully stated in the opinion of the court.

*Welch & Street,* for appellant.

It is the contention of the appellant that this case is controlled by the case of *Catlett* v. *Drummond,* 74 So. 323. When suit was filed in the justice court, Hood was living at Laurel in beat number 2, and was personally served with process by the constable of that beat and

he did not appear to object to the jurisdiction of the court or to suggest the transfer of the suit to beat number 5. Neither did his codefendants, Grayson and Cranford, appear.

The appellees concede in their bill that W. W. Hood was legally and properly served with progress, but say the judgment rendered against Hood by the justice is void, because they say that the judgment against Grayson and Cranford was void and the judgment of the court being void as to these two defendants, was void as to Hood also, citing the case of *Comenitz* v. *The Bank*, 85 Miss. 662, 38 So. 35. But as we read the case of *Catlett* v. *Dummond, supra,* it is necessary for Cranford and Grayson to appear in the justice court and object to the procedure of that court and having failed to do so, these appellees waived the personal privilege they had to have the case tried in beat number 5. So under the case of *Catlett* v. *Dummond,* the judgment was not void as to Grayson and Cranford, but was a valid judgment against Grayson, Cranford and Hood and the general demurrer should have been sustained. Under this authority the case of *Comenitz* v. *The Bank,* has absolutely no appliation.

Complainants furthermore do not show any meritorious defense to the suit in the justice court. True they say in their bill that the filing of this suit was a fraud on them, but this is a mere statement of the pleader and no facts are set up that would show any nature of defense at law to the suit instituted in the justice court. *Comenitz* v. *The Bank*, does not control in this case, because it is perfectly plain from the case of *Catlett* v. *Drummond,* cited above, that Grayson and Cranford waived any right they might have had to be sued in beat number 5, by failing to appear. But had they appeared, they could not have had the case removed to beat number 5, for trial for the reason that one of their defendants, Hood, was actually residing at Laurel in beat number 2,

118 Miss.—6

when served with process. This case being heard on demurrer to the bill, of course the allegations of the bill are admitted, but at most the bill only charges that Hood, when residing in Laurel, had a purpose to return to Moselle and had at the time of the suing out of the injunction returned to Moselle. There is no kind of intimation in the bill that he was not actually residing in Laurel when he was served with process. On the other hand it says Hood and his family were then living in Laurel. Under our statutes all obligations are joint and several and the court having jurisiction of one of the defendants, had jurisdiction of the other defendants. See *Stein* v. *Finley,* 25 Miss. 535.

In the case of *Hattiesburg Hardware Company* v. *Pittsburg Steel Company,* 76 So. 570, the court held that a judgment against one partner who was personally served with process, was good though the other partners were never in fact served with process and the judgment as to them was absolutely void.

While we think, as stated above, the case of *Comenitz* v. *The Bank,* has no application to this case, we must say in passing that Judge Whitfield meant to hold that a void judgment against one defendant made what would otherwise be a valid judgment against his codefendants void, then that opinion stands alone and unsupported so far as we can ascertain and must have been written without regard to Chapter 71, Miss. Code of 1906. The case of *Stein* v. *Finley,* 25 Miss. 535, which holds that section 2683, Miss. Code of 1906, abolishes all distinctions between joint and several obligations has never been overruled or even criticised, but has stood as the law in this state for more than sixty years. What does it matter as to the form of a judgment, whether it is joint or several, if all obligations, though joint in terms, be under the law joint and several.

We further insist that even if the contention of appellees be sound, that in that event they had a full, complete and adequate remedy at law, either by writ of *certiorari* or motion to quash, the execution and levy thereunder, and the general demurrer, should have been sustained. We respectfully ask that the case be reversed and the demurrer of the appellants sustained.

*J. M. Arnold,* for appellee.

As I understand this case and the contentions of the appellants, they are not here contending, really, that there is any valid judgment against Grayson and Cranford, but they are really contending here that they have a valid judgment against Hood, one of the co-defendants in the original justice court proceeding.

Now our contention is that the whole proceeding in the justice court all of these parties, the appellees here, is absolutely null and void and no valid judgment was nor could the same be rendered for several reasons:

1. Because there was no jurisdiction in the court of beat number 5, to try and dispose of this case;

2. Because a judgment was rendered against all of the defendants and there was no service of process on Grayson and Cranford;

3. Because, even if the court had jurisdiction of the case, when a judgment was rendered against all of the defendants there without legal process on all, then the judgment was null and void as to all of the defendants.

As to these propositions, they are so very closely related that in discussing them I shall not take each up but present my ideas as a whole. It is true that this court decided the case of *Catlett* v. *Dummond,* 74 So. 323, and decided the same adversely to my contention here that if there had been legal service of process where a suit was filed in a district other than that in

which a defendant resides he should appear and raise the question, but I submit that when this judgment was rendered in the justice court the law in Mississippi was exactly to the contrary; the rule was unquestioned by any lawyer at the time this case was disposed of by the justice of the peace, and property rights had been and have been acquired under the law as it was before the case of *Catlett* v. *Dummond* was decided, and I submit that these appellees were entitled to rely on the law as then written by this court. Beginning with the case of *Hilliard* v. *Chew,* 76 Miss. 763, and followed up by this court as late as the case of *Molpus* v. *Bostick Lumber & Mfg. Co.,* 71 So. 16, this last case decided by Mr. Justice Sykes and which follows up to the Catlett case, the settled law of Mississippi, and I submit with all consideration and respect, that while the *Catlett* v. *Dummond* case does expressly overrule the Hilliard case it does not overrule, by name, the law as announced in the case of *Molpus* v. *Bostick,* 71 So.| 16, and to overrule this last cited case would be to overturn property rights acquired under the then settled law of Mississippi, and I respectfully submit that the case of *Catlett* v. *Drummond* is wrong and urge this court to overrule it and re-establish the old rule in Mississippi, and to protect the property rights acquired in and under that right. If the case of *Hilliard* v. *Chew,* is to be re-established in Mississippi, then that would dispose of this case and the contentions of the appellants here.

The appellants contend in their brief that under the case of *Catlett* v. *Drummond,* *supra,* it was necessary for Cranford and Grayson to appear in the justice court and object to the procedure there, I submit that under no claim of reasoning, and even if the rule announced in that case is to still be followed, can it ever be construed to extend beyond a case where there has been a legal service of legal process on the defendants and in this case there having been no legal service of process

on them, that in no event is the judgment against them valid.

That there was no legal service of process on them so as to require that they defend the justice court case there can be no question, because Pruitt, constable of beat number 2, attempted to serve this process and as alleged in the bill went to Moselle which is in another beat and there attempted to execute the process.  Section 171, Constitution of 1890 provides for the election of a competent number of justices of the peace and constable for each beat, and our own court in construing the Constitution of 1869 which had like section even said in *Riley* v. *James,* 73 Miss. 191, 18 So. 930 : "Under the present Constitution, as under that of 1869, the jurisdiction of justices of the peace, and the executive power of constables granted by the Constitution, are limited to the district for which they were elected; in this case the bill alleges that Pruitt, constable of beat number 2, attempted to execute the process as to Grayson and Cranford at Moselle which was in beat number 5, and that this was the only process served or attempted to be served on them and that it was not a legal service of process and the demurrer admits the truth of this allegation.

There being no legal service of process on Cranford and Grayson, two of the appellees here, the only question then remaining is as to whether a judgment rendered against all of them is valid as to any of them.  This question is not a new question in Mississippi because this court has settled and settled finally 'the question in the negative and the actions of the justice of the peace in rendering the judgment here in question is null and void, and until our Constitution is rewritten or some court ignores the plain provisions thereof, then there was no process to uphold the judgment at all because the case of *Comenitz* v. *Banks,* 85 Miss. 662, 38 So. 35, has settled that question in Mississippi and

as Judge WHITFIELD well says: "This is well settled Mississippi doctrine." And while council for the appellants contend that this case stands alone at the same time in the very recent case of the *Carrollton Hardware & Impl. Co.,* v. *Marshall,* 78 So. 7, reaffirms the case of *Comenitz* v. *Bank,* 85 Miss. 662, and in the last case in 78 So. this court said: "The judgment. being rendered against T. E. Marshall and B. F. Marshall jointly as an entire judgment, it cannot be valid and cannot be supported, unless there be service of process on each of the defendants, if it is void as to one it is void as to all." There can be no question that this judgment is void as to Grayson and Cranford. And then this court in still another case has recently reaffirmed this case.

But it is contended that the appellees did not show any meritorious defense to the suit in the justice court and it is contended that the filing of that suit was only claimed to be a fraud on them and that this claim was merely a conclusion of the pleader, but we submit that a simple reading of the bill will dispose of this contention because it is alleged in the bill that the complainants owed the defendants nothing and that the claim was a fraud on the complainants and was a simulated one and without any foundation and that the suit in the justice court at Laurel was filed there for the purpose of harrassing the complainants. The case of *Stein* v. *Finley,* 25 Miss. 535, cited for appellants has no application to the facts here nor, we submit, does the case of *Hattiesburg Hardware Co.* v. *Pittsburg Steel Co.,* 76 So. 570, affect the law as applied to this case and while counsel contend that the case of *Comenitz* v. *Bank* was decided without regard to chapter 71, Code of 1906, still I submit that there is no conflict between that case and the Code law but it would not be worth while to take up the space necessary to show the clear distinction between the two principles announced by that case and the Code.

I submit that actions of the chancellor was correct in overruling both the demurrer as to all of the complainants and the demurrer as to W. W. Hood and that in so doing he simply followed the pathway of the laws so plainly marked out by this court and I respectfully submit that this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The Southern School Book Depository, a firm composed of V. R. Smith, F. R. Carlton, C. Y. Smith, Mrs. R. N. Hughes, and T. M. Foster, filed a suit against E. A. Grayson, W. W. Hood, and R. H. Cranford in the justice of the peace court of district No. 2, Jones county, Miss., on a bond given by Grayson as principal and Hood and Cranford as sureties for one hundred and eighty-three dollars and twenty cents and for attorney's fees. At the time of the filing of the suit, Hood, one of the sureties, was temporarily residing at Laurel, Miss., but retained his citizenship and legal residence at Moselle, Miss., in district No. 5, for the election of justice of the peace in Jones county. Grayson and Cranford were both resident freeholders of district No. 5 of Jones county. Process was issued to the constable of district No. 2 of Jones county, who served the process upon Hood in district No. 2, Jones county. And then the constable of district No. 2 went into district No. 5 and delivered a copy of the summons to Grayson and Cranford. On the return day of the summons none of the defendants appeared in court, but made default. The plaintiff appeared in court by attorney and announced ready for trial, and thereupon a default judgment was entered against all the defendants, Grayson, Cranford, and Hood, for one hundred and eighty-three dollars, twenty cents principal, and fifteen dollars attorney's fee, and cost. Upon this judgment execution was issued and placed in the hands of the

sheriff, who proceeded to make levy upon the property
of one of the defendants for two hundred and four dol-
lars and eighty-five cents and costs. Thereupon the
defendants in said suit filed a bill in the chancery court
of Jones county setting out the facts about said suit
and alleging that they were not indebted to the South-
ern School Book Depository Company in any amount,
and that each of the defendants in the justice judgment
were residents and freeholders of district No. 5 of
Jones county, and that by reason of the fact that they
were residents of district No. 5, and by reason of the
fact that the constable had no authority to go into
district No. 5 and serve, or attempt to serve, process
beyond the confines of the district, the process at-
tempted to be served and the judgment taken thereon
are void, and prayed for and obtained an injunction
restraining the sale of their property.

The defendants in the chancery court, being the
sheriff and plaintiffs in the justice court, first filed a
demurrer to the bill of complaint setting forth the
following grounds of demurrer: First. There is no
equity on the face of the bill. Second. The bill shows
on its face that the judgment is valid and binding. And
complete remedy at law. Third. That the bill shows
on its face that the judgment is valid and binding. And
then  filed what is called a "special demurrer," alleg-
ing as grounds of demurrer: That the  bill shows on
its face that the judgment against Hood is valid, legal,
and binding; 'second, that the allegation of the bill that
the judgment is joint is a mere conclusion of the plead-
er; third, that all distinction between joint and several
actions have been abolished by statute in Mississippi.
Fourth, that there is no equity in the bill as to Hood.
Both of these demurrers were overruled by the chan-
cellor, and an appeal granted to settle the principles
of the case.

It is insisted here that this case is governed by the case of *Catlett* v. *Drummond,* 113 Miss. 450, 74 So. 323; and that the defendants in the justice court would have to appear on the return day and present their objections to the jurisdiction of the court by motion or otherwise, and if decided adversely to them appeal to the circuit court. In the case of *Catlett* v. *Drummond,* 113 Miss. 450, 74 So. 323, the defendant was properly summoned in the district in which the suit was filed by the proper officer of the district, and there was no question of the validity of the summons so served. The court held that the questions of jurisdiction as to the residence of the parties, and as to where the debt was contracted, were questions of fact, which could be denied and would depend upon proof, and that for that reason the judgment would not be void the jurisdiction facts not appearing on the face of the record, and a judgment by default under section 808 of the Code is equivalent to a verdict on issue enjoined.

If process had been properly served upon all of the defendants, that would be true in this case; but in order to have a valid judgment there must be either a valid service of process upon the defendant, or an appearance or waiver of process.

This court decided, in *Riley* v. *James,* 73 Miss. 1, 18 So. 930, that a constable could not go beyond the confines of his district and serve process; that under the law he was elected by and for a district and was limited in his action to his district. It follows then that there was no service of process upon two of the defendants in court, but on the return day judgment was taken against all of the defendants. In the case of *Carrollton Hardware & Imp. Co.* v. *Marshall,* 78 So. 7, and in the case of *Comenitz* v. *Bank,* 85 Miss. 662, 38 So. 35, it was held that where there is a judgment void as to one it is void as to all, and that to authorize the entry of a valid judgment there must be

legal process or waiver thereof upon all of the defendants against whom judgment was taken. It follows that the judgment in the present case is void. If the plaintiff had elected on a return day to have proceeded to take judgment merely against Hood, and the judgment had been so entered, the contention of the appellant would be entertainable; but having elected to take judgment against all without legal process, against two of the defendants in said judgment, the judgment is void as an entirety. The entry of a void judgment would not discontinue the suit instituted. *Moore & Co.* v. *Hoskins,* 66 Miss. 496, 6 So. 500. And the plaintiff in the justice court may have summons issued as to the other defendants, directed to the proper officer, if he so desires; and on the return day the question may be presented in proper manner as to whether the justice has jurisdiction of the defendants. Of course, on the remand of the cause the defendant in chancery suit may answer denying the allegation of the bill if they can do so.

*Affirmed and remanded.*