STATE *v.* STIGLER.

(Division B.    June 7, 1937.)

[175 So. 194.    No. 32805.]

**W. D. Conn, Jr.,** Assistant Attorney General, for the state.

278

Neill & Townsend, of Indianola, for appellee.

Argued orally by **W. D. Conn, Jr.**, for the State, and by **S. D. Neill**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

George Stigler, the appellee, was indicted in the circuit court of Sunflower county for unlawfully operating a slot machine, the indictment charging that ''George Stigler late of the county aforesaid, on the 15th day of March, A. D. 1937, with force and arms, in the county aforesaid and within the jurisdiction of court, unlawfully and wilfully did then and there operate a slot machine, the said slot machine not being an automatic vending machine which indicated in advance what the purchaser is to receive on each operation of the machine, against the peace and dignity of the State of Mississippi.''

There was a demurrer filed to this indictment, which

demurrer was overruled and the case went to trial on an agreed statement of facts, resulting in the acquittal of appellee, hence there is no question on this appeal as to the sufficiency of the indictment. This agreed statement of facts reads as follows: "It is agreed between attorneys for the state and for the defendant that the following are all of the facts in this case; George Stigler, the defendant, on the 15th day of March, 1937, in Sunflower County, Mississippi, owned and knowingly had in his possession a certain slot machine, in the City Drug Store, in the Town of Drew, said machine being numbered 355843, and on which the said Stigler had paid the state privilege tax for operating the same to the amount of $260.00; that said slot machine was not an automatic vending machine which indicated in advance what the player or purchaser would receive on each operation of the machine; that said Stigler then and there knowingly operated the said machine. The above facts are agreed to be true, but same are to be subject to objections which may be made to their competency, relevancy or materiality."

On the introduction of this agreed statement of facts, the State objected to that part setting out that the appellee had paid a privilege tax for the operation of said slot machine, which objection was overruled by the court. Then the court gave for the appellee the following instruction: "The court instructs the jury that in order to convict the defendant, you must believe from the evidence, beyond a reasonable doubt, that some person or persons other than the defendant played or operated the machine in question."

The court gave for the State the following instruction: "The court instructs the jury for the State that it is no defense to the crime of the unlawful operation of a slot machine, which is not an automatic vending machine which indicates in advance what the purchaser is to receive on each operation of the machine, that the operator or any person has paid a privilege tax to the

state, or any other body, for the operation of said machine.''

From a reading of this agreed statement of facts it will be seen that it does not stipulate that the machine was operated as a gambling device or for profit, consequently we must assume that it was not so operated. It is manifest that such a machine could be operated for amusement alone. Section 821, Code 1930, denounces machines which do not indicate in advance what the player is to receive, but does not denounce the mere possession of such machines. In construing a statute, the rule is that, if its language can be applied to both innocent and guilty purposes, the indictment and proof should go beyond the mere language of the statute. In Rawls v. State, 70 Miss. 739, 12 So. 584, it was held that where ''The language . . . is broader than its purpose'' in certain cases, the ''indictment must charge in apt language the unlawful act,'' citing Sullivan v. State, 67 Miss. 346, 7 So. 275.

Under this decision, and under the general law, the language of statutes must be construed in the light of the purpose for which the statute was enacted, and the proof must correspond thereto, and establish the intent of the offense.

It was not unlawful, per se, for the owner of this slot machine to keep it and operate it for amusement and not as a gambling device. Consequently, there was no error in granting to the appellee the instruction complained of by the State.

While evidence as to a privilege tax being paid is not ordinarily admissible, still, in this case it was a stipulated fact, and the court instructed the jury that such payment did not justify the operation of the slot machine as a gambling device.

We find no error, and, as the appellee was, by the lower court, acquitted, only legal questions can be considered on this appeal which were decided adversely to the State.

282

The judgment of the court below will, therefore, be affirmed.

Affirmed.