KING *v.* McCRORY, MARSHAL.

(Division B.   June 7, 1937.)

[175 So. 193.   No. 32766.]

Colbert Dudley, of Forest, for appellant.

Frank F. Mize, of Forest, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Appellant, T. R. King, brought an action in replevin against H. B. McCrory, appellee, for the unlawful taking and detention of a slot machine.

It was alleged in the affidavit that this slot machine was taken from appellant within a thirty-day period,

and it was further alleged that McCrory gave bond under the statute in such cases, but when the constable went to take the machine, instead of delivering it to King, he took the bond of the defendant for it. The case was tried in a justice of the peace court where judgment was rendered for King. McCrory appealed to the circuit court where the case was tried, and verdict rendered in favor of McCrory, from which this appeal is prosecuted.

It appears from the evidence that McCrory, who was city day marshal of Forest, and also another, who acted as night watchman, secured a warrant to search the premises of Mrs. Alexander, who operated a small store, for intoxicating liquor. Mrs. Alexander, with her daughter, Mrs. Goodwin, had living quarters attached to a part of the store, separated by a doorway. This search, as stated, was made by McCrory for the purpose of looking for intoxicating liquors, and in searching through the premises he found a slot machine in the dining and cook room, one room serving for both purposes, and that without taking out any legal papers, or making any affidavit, when no crime was being committed in his presence, said McCrory took the slot machine into his possession. It further appeared from the evidence that T. R. King was the owner of the slot machine, having purchased it from one Harris in Newton, Miss., and had taken it to the residence of Mrs. Alexander, asking her daughter to keep it for him. T. R. King testified that she was not to operate the machine, and that he had the key to the compartments where the cash was deposited—the cash that ordinarily went to the owner—but that there was no cash box in the machine. Harris testified that he had the cash box and had never delivered it to King. It was also shown in the testimony that the slot part of the machine was not sealed so as to prevent coins being deposited, and that the machine had what is called a "jack pot" into which went coins, about 40 per cent. of the deposits, the rest going

into what is called a "chute," and that it was estimated that the public got about 40 per cent. of the money deposited. When the machine was seized, it does not appear that there was any money in it except a nickle and some metal tokens in the jack pot.

Both McCrory and his assistant testified that Mrs. Goodwin stated to them that the tokens in the machine would be redeemed in the store. Mrs. Goodwin denied this statement, and testified that she was not operating the machine, and that she had been instructed not to operate it.

There was no proof that the machine was being operated by any person during this period. As stated, the machine was not kept in the store, but there was no "door shutter" between the store and the cook room, and McCrory stated that while in the store he saw the machine, and that it was possible for other persons to see it and go into the cook room and operate the machine.

In the absence of proof, we do not think it can be assumed that persons visiting the store entered or went into the cook room and dining room for the purpose of operating this slot machine, and that the proof offered was sufficient to show any actual operation of the machine while it was kept there. Section 821, Code 1930, while denouncing the operation of a slot machine, does not denounce the mere possession of one, or make such possession a crime. Here, as stated, there was no proof of the actual operation of the machine, nor is the testimony sufficient to show that it was operated in a manner to make its possession a crime.

It seems to have been the idea of the marshal in seizing the machine that its possession was criminal, and that he had authority, under section 966, Code 1930, to seize and destroy the machine. As stated in the case of State v. Stigler (Miss.), 175 So. 194, this day decided, mere possession of a machine, or even its operation for amusement and not for profit, does not constitute a crime, and, as stated, the machine in this case was not

operated by the persons keeping it. The marshal had no legal authority to seize it without an affidavit or search warrant. Section 966, Code 1930, does not contemplate that officers may seize property, not contraband, without a warrant, unless such property is being used by persons in such manner as to make out a crime. Consequently, the machine in the case at bar was not in custodia legis of McCrory, and, under the facts, an action of replevin would lie against him for the unlawful taking and detention of the property, since he could not show that it was being used for the purpose of gaming.

The plaintiff, King, requested and was refused a peremptory instruction. Under the facts as shown this instruction should have been granted.

The judgment of the court below will be reversed, and judgment rendered here for the restoration of the property, and the cause will be remanded for the assessment of damages against the appellee, McCrory, for the unlawful seizure and detention of the property.

Reversed and remanded.