CLARK *v.* HOLDEN, CHIEF OF POLICE, *et al.*

(In Banc. May 26, 1941.)

[2 So. (2d) 570. No. 34514.]

**Jaap & Quin,** of Jackson, for appellant.

Henry E. Barksdale, of Jackson, for appellees.

Argued orally by **C. O. Jaap, Jr.,** and **Percy Quin,** for appellant.

**McGehee, J.,** delivered the opinion of the court.

This action was begun by affidavit in replevin and a declaration filed thereon by the appellant, in the Circuit Court of Hinds county, Mississippi, against the chief of police of the city of Jackson and others, demanding the

return of some slot machines; a cigarette vending machine which did not deliver a uniform amount, either in value or number, of cigarettes on each operation; certain automatic pay-off tables which did not pay a uniform number of slugs or coins on each operation; a slot dice machine; and some small gum vending machines which did uniformly deliver a package of gum of the same quality and quantity upon each operation of the machine, and nothing else. The case was tried upon an agreed statement of facts, characterizing the property in the manner hereinabove stated, and with the result that the Court ordered the gum vending machines returned to the plaintiff, whereas the pay-off tables and the slot machines were to be kept in the custody of the sheriff of the county pending this appeal.

Prior to the institution of this action of replevin, it is shown that most of these articles had been seized by a police officer of the city of Jackson, residing in supervisor's district No. 4 of the county, pursuant to a search warrant issued by a justice of the peace of the same district, and who was assisted by a constable of district No. 5, in making the seizure in district No. 1, in the possession of the plaintiff in his repair shop and storeroom, outside the city limits of Jackson; and it is agreed that no emergency existed within the meaning of section 2080, Code of 1930, such as to authorize the execution of the search warrant in supervisor's district No. 1 by officers residing in districts 4 and 5, respectively, since the sheriff, his deputies and two constables were available in district No. 1 for that purpose. Hence it is urged by the plaintiff in replevin, as appellant here, that under the decisions in the cases of Riley v. James, 73 Miss. 1, 18 So. 930, and Boutwell v. Grayson, 118 Miss. 80, 79 So. 61, the officers who made the seizure were without jurisdiction or authority to do so, and that their possession of the property involved was obtained by means of a trespass, and is therefore unlawful.

14

We pretermit any consideration of the question above-mentioned, for the reason that the right of the appellant to recover the property in this replevin suit depended upon his being able to show that he had such a property right or legal interest therein as to be entitled to the immediate possession thereof, as alleged in his affidavit, and without regard to whether or not the possession of the defendants was wrongful. The articles had been seized under the provisions of chapter 353, Laws of 1938, as "gambling devices." That act makes it unlawful for any person to have in possession, own, control, display or operate certain types of machines or other apparatus therein enumerated, except a music or bona fide automatic vending machine, where the purchaser receives exactly the same quantity of merchandise on each operation of said machine; and it expressly prohibits the possession, ownership, etc., of "any slot machine which delivers, or is so constructed as that by operation thereof it will deliver to the operator thereof anything of value in varying quantities, in addition to the merchandise received," and further provides that: "any slot machine constructed in such manner as that slugs, tokens, coins or similar devices are, or may be, used and delivered to the operator thereof in addition to merchandise of any sort contained in such machine, is hereby declared to be a gambling device, and shall be deemed unlawful under the provisions of this act." Section 1. Section 2 of the act provides as follows: "No property shall exist in any person, natural or artificial, or be vested in such person, in any or all of the devices described in the preceding section; and all such devices are hereby declared to be at all times subject to confiscation and destruction, and their possession shall be unlawful, except when in the possession of officers carrying out the provisions of this act." Section 3 of the act make a violation of the provisions of the statute a misdemeanor.

It necessarily follows that replevin will not lie for the recovery of articles in which no property right can exist

in the plaintiff, and the possession of which by him is made unlawful.

It is unnecessary that we construe the statute in question to the extent of determining whether or not the possession and ownership of all the machines, and all other apparatus enumerated therein, can be made unlawful by the Legislature in the exercise of the police power of the state, since it is sufficient to say that the language of the statute outlaws the possession or ownership of all the articles involved in this suit, except the gum vending machines, which were ordered by the court below to be restored to the plaintiff; and as to these slot machines and pay-off tables, the Legislature does have the power to render their possession or ownership unlawful, and to provide for their seizure and destruction, without violating the due process clause of the Fourteenth Amendment to the Constitution of the United States. It was said, in the case of Sentell v. New Orleans & C. R. R. Co., 166 U. S. 698, 17 S. Ct. 693, 696, 41 L. Ed. 1169, that:

"It is true that under the fourteenth amendment no state can deprive a person of his life, liberty, or property without due process of law; but in determining what is due process of law we are bound to consider the nature of the property, the necessity for its sacrifice, and the extent to which it has heretofore been regarded as within the police power. So far as property is inoffensive or harmless, it can only be condemned or destroyed by legal proceedings, with due notice to the owner; but, so far as it is dangerous to the safety or health of the community, due process of law may authorize its summary destruction."

The Court said in State v. Kizer, 164 S. C. 383, 162 S. E. 444, 449, 81 A. L. R. 722: "We think that the petitioners' machines constitute, as one court has clearly observed, 'a menace to the welfare of the community, and invite breaches of the law.' . . . It is not, then, surprising to find it almost universally held that a statute providing for the summary forfeiture and destruction of

gambling apparatus such as petitioners' 'is a valid exercise of the police power of the state, and is not in conflict with the Constitution, as depriving the owner of his property without due process of law.' ''

See, also, Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385; and Pasternack v. Bennett et al., 138 Fla. 663, 190 So. 56.

It is next urged by the appellant that since the agreed statement of facts discloses that the slot machines and pay-off tables in question were contained in their original crates as shipped from the factory, and that he, as plaintiff in the court below, offered to testify that he had not operated any of them, and that they were intended for sale in the State of Louisiana, where their possession, ownership and operation is lawful, they could not be seized and destroyed under the provisions of said chapter 353, Laws 1938. But in construing a similar statute, the Supreme Court of Illinois, in Bobel v. People, 173 Ill. 19, 50 N. E. 322, 324, 64 Am. St. Rep. 64, said:

''And we are of the opinion that it was the purpose of the legislature in enacting this statute, not only to suppress the use of these gambling devices, or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not; otherwise, why make it a criminal offense to own or keep them, without qualification as to the purpose of such ownership or keeping, and why provide for their seizure and destruction?''

That, we think, is what was intended by the language of our statute, whose words in this connection we have quoted. We think it is clear that for the purpose of preventing the use of a device for gambling the Legislature may prohibit its possession or ownership, when it is designed for that purpose. The statute does not make its intended use for gambling a prerequisite.

We have cited the foregoing cases merely to show that so far as our statute makes the possession or ownership of slot machines and other similar devices and apparatus,

which are gambling devices per se, unlawful, the statute was enacted in the proper exercise of the police power of the State, and that the replevin suit here cannot be successfully maintained, since the plaintiff could have no property rights in such articles, and could not be entitled to the possession thereof. And we expressly pretermit, as unnecessary to this decision, any discussion of the question as to whether a seizure of such articles by an officer for destruction should be upon notice to the alleged owner, as a requisite to due process. Suffice it to say, he has had a hearing in the case at bar, with full opportunity to present all the facts necessary to assert whatever rights he claimed, before any steps to destroy the articles in question have been taken.

Since the replevin suit cannot be maintained, for the reasons hereinbefore stated, the judgment of the court below must be affirmed.

Affirmed.