STEVENS *v.* STATE BY JULIAN P. ALEXANDER, DISTRICT ATTORNEY, et al.

No. 39760        October 10, 1955        82 So. 2d 645

*Travis & Moore,* Jackson, for appellant.

50

*Wm. E. Cresswell, Asst. Atty. Gen.*, Jackson, for appellee.

HOLMES, J.

Appellant was adjudged in contempt of the Chancery Court of the First Judicial District of Hinds County upon a charge that he violated a temporary injunction granted by said court enjoining and restraining him "from operating or carrying on any kind of gaming, gambling device or any violation of the gambling laws of this State." He was fined $1,000 and costs. He prosecutes this appeal from the decree entered against him in the court below.

The order granting the temporary injunction was issued on March 31, 1954. On October 26, 1954, the district attorney and county attorney filed in the name of the State of Mississippi in the aforesaid court a petition praying that the appellant be cited for contempt for violating the aforesaid temporary injunction. The petition alleged that in violation of the injunction the appel-

lant exhibited in his place of business, known as Stevens Restaurant, coin operated slot machines displayed for public use and that said slot machines had been continuously displayed subsequent to the issuance of the said temporary injunction. The appellant was duly cited and appeared to the petition and filed a motion for a continuance, a demurrer to the petition, and a motion to quash the petition, all of which were overruled. The appellant then filed an answer to the petition denying the material allegations thereof.

On the hearing the only proof was that introduced by the appellee. The appellant offered no proof. At the conclusion of the evidence, the chancellor made the following finding:

"From the evidence presented here this morning the court finds that the defendant, Willie Stevens, has in violation of this order heretofore entered by the court violated the gambling laws of the state by exhibiting for public use two or more slot machines in the place of business described in the injunction; that such display of such gambling devices in the defendant's place of business constitutes a violation of the order heretofore entered by the court and that such violation was wilful, and contemptuous, from which the court concludes that the defendant, Willie Stevens, is in contempt of this court, and for such contempt will be sentenced to pay a fine of $1,000."

The appellant assigns only two grounds for the reversal of the decree of the court below, which are as follows: (1) The court erred in overruling the motion to quash the citation for contempt; and (2) the decree of the chancery court holding the appellant guilty of contempt is not supported by the evidence and is manifestly wrong.

It is the contention of the appellant that his motion to quash the citation for contempt should have been sustained for the reason that the petition failed to allege the date on which the alleged contemptuous act occurred and that thus the appellant was not fully

apprised of the violation charged. The petition for citation for contempt alleged that after the issuance of the temporary injunction the appellant exhibited in his place of business known as Stevens Restaurant coin operated slot machines displayed for public use, and that the same had been continuously displayed subsequent to the issuance of the temporary injunction. In view of this allegation, it immediately becomes apparent that the contention of the appellant that the petition should have alleged the date on which the alleged violation occurred is without merit. The allegation that the slot machines were continuously displayed by the appellant in his place of business fully apprised the appellant of the violation with which he was charged. The motion to quash was, therefore, properly overruled.

The appellant next contends that the findings and order of the chancellor are not supported by the testimony. The position of the appellant is that the proceeding now under review is in the nature of a criminal proceeding and that appellant's guilt must be proven beyond a reasonable doubt, and he finds support in this position in the cases of Magee v. State, 99 Miss. 83, 54 So. 802, and Evans v. Evans, 193 Miss. 468, 9 So. 2d 641. We are of the opinion, however, that the proof, which is undisputed, establishes the guilt of the appellant beyond a reasonable doubt, and that the chancellor was amply warranted in so finding. The only proof was that introduced by the appellee. It showed that witnesses visited the appellee's night club on the night of July 12, 1954 and that the appellant met them at the door and admitted them, and that the appellant had on display in his night club two slot machines of the one-armed bandit type; that they saw what they judged to be money in the jackpot of the machines; that when one of the visitors asked appellant if he minded if he played the slot machine, the appellant replied: "Yes, sir. This is for colored only and we don't let any white people in at all." It is true that the witnesses did not see the machines in actual

operation and were unable to say whether the machines were plugged or not. The established fact remains, however, that the appellant was in possession of slot machines of the one-armed bandit type and they were openly displayed to the public in the appellant's night club. This constituted a violation of Section 2047 of the Mississippi Code of 1942, making it unlawful for any person to have in possession, own, control, display, or operate any . . . slot machines. The appellant's argument proceeds upon the theory that the statute with reference to the possession and control of slot machines is applicable only where it is made to appear that the slot machine is operated.

Formerly, under Section 821 of the Code of 1930, it was made unlawful to operate a slot machine. However, this section of the code was amended by Chapter 353 of the Laws of 1938 so as to make it unlawful for one to own, control, or possess a slot machine. Therefore, the cases of King v. McCrory, 179 Miss. 162, 175 So. 193, and State v. Stigler, 179 Miss. 276, 175 So. 194, decided prior to the enactment of Chapter 353 of the Laws of 1938, holding that in order to constitute a violation of the statute with reference to slot machines it must appear that the slot machine is played or operated, are not applicable. Under Chapter 353 of the Laws of 1938, now appearing as Section 2047 of the Code of 1942, it is enough to establish one's guilt under the statute with reference to slot machines that it be shown that he owned, controlled, or possessed the same. In the case of Clark v. Holder, 191 Miss. 7, 2 So. 2d 570, this Court expressly held that our statute prohibits the possession or ownership of a slot machine without regard for its intended use for gambling. That was a case where the plaintiff sought to recover from the officer slot machines which had been seized in his possession. The facts showed that the slot machines in question were contained in their original crates as shipped from the factory and that they were intended for sale in the State of Louisiana where

their possession, ownership and operation was lawful. The Court denied to the plaintiff in replevin the recovery of the slot machines upon the ground that the mere possession was unlawful and they were therefore subject to seizure.

The evidence also brings appellant's act within the provisions of Section 1073 of the Code of 1942, providing that any building . . . . place or room, wherein is kept or exhibited any game or gambling table . . . or any other kind or description of gambling devise under any other name whatever shall be deemed a common nuisance and shall be abated by a writ of injunction. In the case of Morgan v. State, 208 Miss. 185, 44 So. 2d 45, it was expressly held by this Court in construing said Section 1073 that slot machines come within the general designation ''any other kind or description of gambling device under any other name whatever,'' and that slot machines are within the purview of said code section.

It thus appears from the undisputed evidence that appellant's possession of the slot machines was in violation of Sec. 2047 of the Code of 1942, and that such possession was also within the purview of Section 1073 of the Code of 1942 authorizing the issuance of an injunction to abate as a nuisance premises wherein there is kept or exhibited gambling devices under any name whatsoever.

It is accordingly our opinion that the evidence is sufficient to establish beyond a reasonable doubt that the act with which the appellant was charged constitued a violation of the gambling laws of the State, and, therefore, a violation of the temporary injunction. We think, therefore, that the chancellor was correct in so finding and that we would not be warranted in disturbing his finding.

It follows from the foregoing views that the decree of the court below should be and it is affirmed.

Affirmed.

*Hall, Lee, Ethridge* and *Gillespie, JJ.,* concur.