Statement of the case.

---

R. C. TERRY ET AL. v. CURD & SINTON MANUFACTURING CO.

1. ATTACHMENT. *Declaration against debtor attached and another.*
   The attachment may be against one debtor, and the declaration in the cause be against several, provided the debt, owing by the debtors not attached, be due when the declaration is filed against them.

2. SAME. *Judgment by default on debt not due.*
   If the debt be not due when the declaration in attachment is filed, the suit is prematurely brought as to those defendants who have not been attached, and a judgment by default against them is erroneous. If such fact appear in the record, objection may be made for the first time on appeal in the supreme court, and a reversal as to them will follow.

3. SUPERSEDEAS BOND. *Joint appellants. Affirmance as to some. Code, ₰ 2332.*
   If appellants execute a joint supersedeas bond, judgment will be rendered against the sureties thereon, under code 1880, ₰ 2332, if the judgment be affirmed as to any one of the said appellants.

APPEAL from the circuit court of Hinds county, first district.
HON. J. B. CHRISMAN, Judge.

This suit was begun by attachment against the appellant, R. C. Terry, alone, returnable to the January term, 1889, of the circuit court of Hinds county, first district, to convene January 7, 1889. The writ of attachment was duly served upon R. C. Terry, and his lands and goods levied upon. The affidavit for attachment recited that the debt of said defendant was not due. The appellant, Mrs. Emma Terry, was not mentioned in the affidavit or writ. On the 2d day of January, 1889, plaintiff filed its declaration in the cause against R. C. Terry and Mrs. Emma Terry, and a summons in the usual form was served on Mrs. Terry the same day. The declaration alleged that the debt sued on, and upon which attachment had been issued against R. C. Terry, was a joint liability of said R. C. Terry and Mrs. Emma Terry. It further appeared from the declaration and exhibits that the debt was not due when the declaration was filed, but would mature at given intervals, beginning January 4, and ending March 4, 1889.

Both defendants failed to appear, and judgment by default was

entered on January 10, 1889, against R. C. Terry, sustaining the attachment, and on the same day judgment for the amount named in the declaration was entered by default against R. C. Terry and Mrs. Emma Terry. This appeal is prosecuted by both of the said defendants, who have joined in giving a supersedeas bond.

*Nugent & McWillie,* for appellants.

The declaration was both against the defendant in attachment and Mrs. Terry, and was filed in and constituted part of the attachment proceedings. It was the only declaration in the suit, and no summons issued on it save for Mrs. Terry. It did not inaugurate an independent suit in assumpsit, but was part of the attachment suit, and, in a measure, dependent upon the result of that proceeding. Had Mrs. Terry been called on to plead to the attachment she might have traversed successfully the affidavit, and never been called upon to defend as to the debt. At all events, she could not be required to plead to the debt until judgment had been rendered against her on the attachment issue. Code 1880, § 2431. She has had no opportunity of tendering issue as to the existence of the grounds of attachment.

In addition to the reason that the suit was one *in personam,* there is an insuperable objection to the maintenance of the writ against Mrs. Terry. None of the debt was due when the declaration was filed, and a considerable part of it did not become due *until long after the rendition of the judgment and the adjournment of the court.* This appears in the declaration itself.

Mrs. Terry has lost no right to object to the judgment because she suffered default. The declaration shows a total absence of a cause of action at the time against Mrs. Terry.

The supreme court will, in such cases, make no distinction between judgments by default and those upon issue joined. *Hallock* v. *Jaudin,* 34 Cal. 167. By § 1405, code 1880, the supreme court shall hear and determine all manner of pleas, plaints, motions, causes, controversies civil and criminal, which may be brought before it, and which are cognizable in such court according to the law and constitution of the state. There is no restriction in the constitution upon the power of the court to hear *any appeal.* A

judgment by default only admits the facts alleged in the declaration where they show a cause of action. This declaration shows no cause of action against Mrs. Terry.

But the judgment is invalid as to both defendants for another reason. The remedy by attachment is a harsh and summary one, and cannot be extended beyond the terms of the statute. Attachments for debts not due are only authorized in a special class of cases, and in these *due proof of the justice of the debt is made a prerequisite to the rendition of judgment by the court.* This statute precludes the rendering of a judgment by default as much in an attachment for debts not due as a similar statute does in proceedings for divorce. As the judgment here was by default for debt not due and without proof, it must be reversed. *Hopkins* v. *Grissom,* 4 Cush. 143; *Rankin* v. *Dulaney,* 43 Miss. 197; Code 1880, § 2459.

There is no authority for this proceeding, so far as Mrs. Terry is concerned. Our statute authorizes an attachment as ancillary to a suit *in personam,* but not a suit *in personam* as ancillary to an attachment. The affidavit did not aver a joint indebtedness. In this the case is different from *Smith* v. *Cromer, ante* 157. In that case the defendants, who were not embraced *by name* in the attachment, appeared and plead to the declaration; and the defendant in attachment was liable at all events and the plaintiff offered to prove that the other defendants were his partners, doing business with him under his individual name. Here there was no waiver by appearance, no averment of joint liability or partnership, and no proof of the justice of the claim. The judgment is certainly erroneous as to Mrs. Terry, and should be reversed as to Terry, because there was no proof of the justice of the debt.

*C. M. Williamson,* for appellee.

Where several persons are liable for the same debt, the creditor may proceed by attachment against any one or more of them in relation to whom any ground of attachment exists without so proceeding against the others. Drake on Attach., 5th ed., § 37, a; *Chittenden* v. *Hobbs,* 9 Iowa 417; *Austin* v. *Burgett,* 10 Iowa 302; 6 Iowa 54. Under these authorities it was not proper or

necessary to join Mrs. Terry in the attachment proceedings. As there were no grounds for attachment against her, plaintiff could allege none; but this did not deprive plaintiff of the right to attach the joint debtor, who had laid himself liable. Mrs. Terry cannot complain of our attaching the joint debtor. The fact that the creditor attached his property and prevented his putting it out of the way, and thus forcing him to pay his portion, at least, of their joint debt, should be a matter of congratulation rather than subject of complaint on her part. The code, § 2431, has no application, so far as she is concerned. No judgment on the attachment issue was taken against her, and she cannot be heard to complain that the property of the joint debtor was attached and held for the debt.

The declaration alleged that they both jointly and severally owe the debt, and asks judgment against both. She was duly summoned, and thus had full notice of what was demanded of her. She did not even plead that the suit was prematurely brought, but allowed judgment to go.

No proof of the debt was required. The evidences of debt were filed, the note and the sworn accounts. By making default, defendants confess the allegations of the declaration; that is, they confess the legal effect of the instrument sued on, and no proof is needed at the trial.

Objection to the want of a bill of particulars or document or contract sued on must be made in the lower court, and cannot be availed of for the first time on appeal. *Tierney* v. *Duffy,* 59 Miss. 364; 7 How. 371; 4 How. 293; 64 Miss. 38.

Section 2459, code 1880, does not, in such cases as this, require "due proof of the justice of the debt." It has reference to a case where there is a contest as to the debt on the attachment issue. Besides, it is presumed that the lower court had all the proof necessary before rendering judgment. There is no bill of exceptions nor anything else in the record to show that the proof did not justify the judgment. 2 Geo. 119, 578, 704, 587; 10 Geo. 784; 4 How. 293; 64 Miss. 38.

If a defendant permits judgment by default, it is *per se* an ad-

mission of a cause of action, though the declaration should not show it, by failing to aver the existence of a fact essential to defendants' liability, which, however, he might waive. Having failed to plead or demur, he cannot gainsay the judgment. 2 How. 727, 902; W. 314; 12 S. & M. 550.

If it be urged in behalf of Mrs. Terry that the debt was not due, we say that this objection should have been made by proper plea or motion for non-suit. Such objection cannot be urged here for the first time.

The statute provides for suing on a debt not due in attachment. Mrs. Terry and her husband were joint debtors. We have seen that one of such may be attached and the others not; and this rule is not confined to cases where the debt is due. If so, a solvent debtor could fraudulently dispose of his property with impunity, and leave the creditor, after the debt is due, to his recourse against insolvent debtors, one, perhaps, honestly insolvent, and the other made so by his fraudulent sale before the debt became due.

It certainly cannot be claimed that there is error as to R. C. Terry. The affidavit, writ, and service and judgment were regular and in accordance with, § 2459 of code. If the judgment is good as to one appellant, this court will not reverse as to him (Code 1880, § 1440), but will render judgment against him and the sureties on the joint supersedeas bond.

CAMPBELL, J., delivered the opinion of the court.

While no objection exists to attaching one and then declaring against him and another, this action was premature as to Mrs. Terry, for no part of the debt was due when the suit was commenced as to her. *Wiggle* v. *Thomason*, 11 S. & M. 452; *Winston* v. *Miller*, 12 S. & M. 550. And these cases show that the objection is available to her here. Therefore, the judgment must be reversed as to her. But we find no error as to Mr. Terry, as to whom the suit commenced by attachment was not premature. He was personally summoned to appear and answer the action, and was liable to have judgment rendered against him, as if the action had been an ordinary one, § 2436 of the code, and cannot complain of

the judgment by default.    *Wherefore the judgment will be affirmed*
*as to him, in accordance with code,* § 1440, *and judgment will be en-*
*tered here against him and the sureties on the appeal-bond, as pro-*
*vided by code,* § 2332.