HATTIESBURG HARDWARE CO. *v.* PITTSBURG STEEL CO.

[76 South. 570, Division A.]

1. APPEAL AND ERROR. *Record. Conclusiveness.*
    The recitals in a judgment, on appeal therefrom, must be supported and are controlled by the record.

2. APPEAL AND ERROR. *Review. Reversal.*
    Under Code 1906, section 2683, so providing, suit may be brought against one, some or all of persons jointly and severally liable, and since partners are jointly and severally liable, error in rendering judgment against several partners, two of whom were not

served with process and did not appear, does not require a re-
versal as to the partner who was served, in view of section
4944, providing that one appealing party is not entitled to a
reversal for error as to another party defendant.

APPEAL from the circuit court of Forest county.

HON. P. B. JOHNSON, Judge.

Suit by the Pittsburg Steel Company against M. J.
Fairley and others, doing business as partners under the
firm name of the Hattiesburg Hardware Company. From
a judgment rendered, all the defendants except Dan Fair-
ley appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

The record shows upon its face that the Hattiesburg
Hardware Company is a partnership composed, accord-
ing to the allegations of the declaration and the recitals
in the process issued thereon of M. J. Fairley, E. R. Fair-
ley, Dan Fairley and Neil Fairley; and that service of
process was had only upon M. J. Fairley and none of the
others, and there was no appearance by either of the
other three, E. R. Fairley, Dan Fairley and Neil Fair-
ley; the record further shows upon its face that all of
the defendants are residents of the state of Mississippi.
Notwithstanding these facts, judgment by default was
rendered against all of the defendants; therefore, it is
clear the judgment against E. R. Fairley, Dan Fairley
and Neil Fairley are void and this appearing upon the
face of the record, it was error in the court to dismiss the
appeal. 23 Cyc., page 1241, title, Judgments Subject
Parties not Served with Process: A person is not bound
as estopped by a judgment, although he was formerly
made a party to the action in which it was rendered,
if the court never acquired jurisdiction of him by the
service of effective process or by his voluntary appear-
ance." *Inglehard* v. *Sutton,* 7 How. (Miss.) 99.

If the court will examine the record it will find that M. J. Fairley was the only defendant named who was served with process and was the only defendant who was named and who appeared in any proceedings filed by the defendant.

The concern being a partnership and all of the defendants being residents of the state of Mississippi, the judgment rendered against M. J. Fairley, who was served with process and who did appear, is not, under the statute of the state of Mississippi, binding upon the partnership assets, and is not binding upon M. J. Fairley.

Section 3935 of the Code of 1906, is as follows: "In actions against partners, some of whom are nonresidents of this state or cannot be found, service of process on such partners as may be found in this state, shall be sufficient to maintain the suit against all the partners so as to bind the assets of the partnership and of the individuals summoned.

*W. S. Welch,* for appellee.

The case seems to have a rather checkered course; the companion case, of the same style between the same parties was dismissed in this court on the motion of the appellee and that judgment has been satisfied. A motion to dismiss the appeal of the Hattiesburg Hardware Company in this particular case was overruled. Later the appeal was dismissed by the court of its own motion and thereafter the appeal was reinstated on application of appellant. The complaint made by the appellants, as we understand it, is not that they do not owe the note, but that process was not served on all of the makers of the note, and that the judgment is void as to those parties of the Hattiesburg Hardware Company who were not served with process, and is void as to them, for want of process, is also void as to the partnership entity and the individual member of the firm who was served with personal process. We observe, with a great deal of surprise, the

statement of counsel for the appellants that he does not pause to cite any authority in support of a proposition so elementary. In the first place, as we understand the rule, the appearance of the several defendants to object to the plaintiff's proceeding without giving security for court cost was a waiver of any irregularity or. defects in the process and was an appearance for all purposes. This court has recently held in a number of cases that an appearance for any purpose whatever is an appearance for all purposes.

We respectfully refer the court to the recitation of the judgment in this case as to the appearance of the defendants.

But even if the defendants had not appeared in the case, this being a suit against a partnership and the individual members thereof, the judgment would be valid and binding as to the individual who was served, and this individual being the manager in charge of the business of the Hattiesburg Hardware Company and the maker of the note in their behalf, certainly the judgment would bind the partnership assets.

To us, it appears manifest that this is one of the numerous cases where debtors appealed to this court for no other reason whatever than to gain additional time in which to meet their obligations.

SMITH, C. J., delivered the opinion of the court.

This is a suit *in assumpsit* instituted by appellee against M. J. Fairley, E. R. Fairley, Dan Fairley, and Neil Fairley, alleged to be doing business as partners under the firm name of Hattiesburg Hardware Company. Upon the filing of plaintiff's declaration a summons was duly issued for defendants; the return of the sheriff thereon being that:

"I have this day executed the within writ personally by delivering to the within named M. J. Fairley a true copy of this writ this 23d day of October, 1915."

The cause came on to be heard in due course in the court below, and a judgment by default was rendered in favor of the plaintiff, which judgment recites that:

"Defendants were solemnly called three times, but answered not, and it appearing to the court that the defendants had each been duly served with personal process more than five days before the return day hereof, and that they have made no defense to the said suit, other than to appear and require security for cost, and the said demand having been complied with by the plaintiff and the defendants failing to plead or make further defense whatever to the said suit, judgment by default is awarded plaintiff."

Section 940 of the Code provides that a plaintiff may be required to give security for costs on the motion of any party interested, supported by an affidavit of certain facts; but this record contains no such motion or affidavit, neither does it contain an order of the court requiring security for costs to be given, though a bond therefor was in fact executed by the plaintiff. This appeal is by M. J. Fairley, E. R. Fairley, and Neil Fairley; Dan Fairley not having joined in the execution of the bond therefor.

The recitals in a judgment, on appeal therefrom, must be supported and are controlled by the record (*Pouns* v. *Gartman et al.,* 29 Miss. 133; *Steele* v. *Palmer,* 41 Miss. 88; *Barker* v. *Shepard,* 42 Miss. 277), from which it appears that appellants E. R. Fairley and Neil Fairley were not served with process and did not enter their appearance.

This error, however, does not, under section 4944, Code 1906, require the reversal of the judgment as to appellee M. J. Fairley, for the reason that the liability of the alleged partners to appellee is not joint, but is joint and several. Code 1906, section 2683.

In so far as it affects appellants E. R. Fairley and Neil Fairley, the judgment of the court below will be reversed, and the cause remanded; but in so far as it affects appellant M. J. Fairley, it will be affirmed.

*Affirmed.*