CARROLLTON HARDWARE & IMPLEMENT CO. *v.* MARSHALL.

[78 South. 7, Division B.]

1. JUSTICES OF THE PEACE. *Transcript on appeal. Sufficiency.*

In view of Code 1906, section 2726 (Hemingway's Code, section 2225), requiring a justice of the peace to keep a docket showing among other things the time of issuing process, when the same is returned, and a copy of the return, and section 83, Code 1906 (Hemmingway's Code, section 63), requiring a justice in case of appeal to make up a transcript and transfer the same to the circuit court, where neither the justice's transcript nor the original papers certified by the justice showed service of process on defendant to support a judgment by default, an execution on such judgment was properly quashed and a garnishment thereon was properly discharged by the circuit court; since a justice has no authority to enter judgment by default unless the defendants are personally served as required by law.

2. JUSTICE OF THE PEACE. *Process. How served.*

Service of a summons from a justice of the peace court by reading the same to the defendant is not service as required by law.

3. JUSTICE OF THE PEACE. *Summons. Service. Sufficiency.*

A judgment by default against two defendants jointly as an entire judgment, cannot be valid, and cannot be supported unless there be service of process on each of the defendants. If it is void as to one, it is void as to all.

4. JUSTICE OF THE PEACE. *Jurisdiction. Return of process.*

In order to justify a default judgment before a justice of the peace, it must appear not only that summons was served on defendant by the officer but that the summons was returned to the justice of the peace, because he would not be authorized to proceed until such return was made.

APPEAL from the circuit court of Carroll county.

HON. H. H. RODGERS, Judge.

Suit by the Carrollton Hardware & Implement Company against B. F. Marshall and another. The circuit court, on appeal, affirmed an order of a justice of the peace for defendants quashing an execution and garnishment and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Monroe McClurg* and *S. E. Turner,* for appellant.

Passing directly to counsel's argument, page 5, planted like their statement of the facts upon the assumption that a partnership was beyond question, they proceed upon a false premise to reach an erroneous conclusion. Counsel lead off in their argument by saying that "the record nowhere shows that the defendants in the original suit had been served with process. They evidently refer to the 1913 justice record, and are mistaken about that. The record in this court shows the once existent record of the service of process on T. E. and B. F. Marshall and the offer to make legal proof of it. That it was issued and delivered to the constable who was allowed in his cost bill, shown on justice docket, for "serving and returning summons on two defendants" is not controverted. The constable who received and served that process on the day of its issuance was then and there in court with an exact

117 Miss.—15

copy of that summons and the personal service return endorsed thereon and ready to swear to it, and the plaintiff there and then moving the court to let him substitute the lost process, was denied. That much is in this record, notwithstanding counsel's statement of the failure of the record to show the service. That is our complaint, denial to show process and service. *Swain* v. *Gilder,* 61 Miss. 667 (671), is one of the authorities relied on by us.

There may have been some irregularity in presenting the motion to complete the appeal in this cause by having the present justice to send up the papers in the case of T. E. and B. F. Marshall in which the process was lost, because they were presumed to be in his official keeping, but the proposition to substitute the served process was squarely put and as squarely denied.

Counsel undertake upon the authority of *French* v. *State,* 53 Miss. 651, to show that the service was bad on T. E. Marshall in 1913, and not sufficient to support a judgment by default against him. At most the return of the service upon T. E. Marshall may be irregular, but not void except upon the complaint of T. E. Marshall in that case. Besides it is a collateral attack by B. F. and cannot be entertained on these issues. But the case cited does not support counsel's contention. It shows the negative of tendering a copy of the service upon T. E. Marshall was sufficient in being read to him in person; the law did not require the delivery of the copy after reading the process; the defendant in such case must be considered to have waived the copy. The return and judgment in the French case was held erroneous only, not void. And in *Comenitz* v. *Bank,* 85 Miss. 662, the defendant who was served with process less than five days, not only enjoined the judgment herself, but prosecuted the appeal with the other defendants to this court. A direct attack by her upon the judgment directly against her on the void service. That is another new defense

not before made and heard in the circuit court and this court will disregard it.   The point made by counsel that the process proposed as the substitute for the original lost one bore a different date from the original, therefore the constable would not.be heard to contradict it, the sufficient answer is, that was not the reason the court denied the motion to substitute.   When that motion is sustained we will come to the full consideration of. that.

Counsel, in responding (p. 10) to our original brief applicable to the garnishment proceedings, still argue as if the partnership had been proven.  We have shown that it was not proven but on the contrary found by the court not to have existed at all.

It is now finally submitted that the appellant is justly and legally entitled to judgment here against the railroad company for the one hundred and sixty dollars garnished, and against the Bank of Carrollton and its sureties on the claimants' bond for the value of the property taken by it.

*Hughston & McEachren,* for appellee.

It will be observed from the foregoing facts that plaintiff was attempting to subject the property of a partnership composed of B. F. Marshall and F. L. Marshall, to the payment of a judgment rendered against T. E. Marshall and B. F. Marshall.   In order that any property shall be condemned to satisfy a judgment, the burden of proof is on the plaintiff in execution to show:   1.  A valid, subsisting judgment; 2.   Proper execution and levy;  3. Title in defendant in execution, and 4. Liability of the property levied on to the demand sought to be enforced.   The case at bar is lacking in several of these particulars.

Judgment is void.  The record nowhere shows that the defendants in the original suit had been served with the process issued, and the judgment affirmatively

shows that said defendants were not present in court. Before any court can render a judgment, valid and enforceable, it must have jurisdiction of the subject-matter and of the person of the one against whom the judgment is rendered except in proceedings *in rem.*

A judgment entered by default against a party who has not been served with process and who has not appeared in the action, is irregular and void. And due and proper service must appear upon the record before the court is authorized to render a judgment by default. 1 Black on Judgments, section 83.

"The test usually applied by the courts is that upon looking at the record it sufficiently appears that every fact has been found which is necessary to give a right to the party to have a judgment entered." *Swain* v. *Gilder,* 61 Miss. 667.

Applying this test it does not appear from the record that the court found that the defendants had been served with process, for even his judgment entered in said cause is silent as to process and service thereon, and shall this court now read into this record that which does not appear to have been in the same at the time the judgment was rendered. The return is irregular and void and will justify or sustain no judgment by default. *French* v. *State,* 53 Miss. 651.

The French case is almost an identical case with this one, there the process was served by exhibiting and reading the same to defendant, here it says that the summons was executed by reading to him, not by handing the defendant a true copy as required by law.

We most respectfully submit that there can be no question that a judgment by default on the above service of process is erroneous and void and if it cannot be enforced as against T. E. Marshall, it cannot be enforced against the co-defendant, B. F. Marshall, since the judgment is an entirety, and when void as to one is void as to all. *Comenitz et al.* v. *Bank of Commerce,* 85 Miss. 662.

Plaintiff, at the same time, attempted to supply the original summons, by filing what purported to be a substituted summons certified by W. A. Suddoth, constable, which said summons was dated October 20, 1913, when the docket of said justice of the peace shows that the original summons issued in said cause and placed in the hands of said Suddoth, was issued on the 15th day of October, the certificate and testimony of the said Suddoth if he had been allowed to testify, would have contradicted the record, and would not have sustained them, and this is not permissible, since the said records import verity.

Besides, the plaintiff in execution, in order to supply what he claimed to be a lost record in the suit between the plaintiff and T. E. Marshall and B. F. Marshall, did not proceed in the way provided by statute. Section 3173, Code 1906; *Dennam* v. *Thigpen,* 114 Miss. 62.

We submit, therefore, that the court did not err in overruling defendant's motion to complete the record, first, because the attempt was not to complete the record of the case before the court on appeal from the justice of the peace court, but was an attempt to complete the record of an original suit between plaintiff and other parties, which said suit had been completed before R. N. Gray, J. P. By a judgment entered Nov. 10, 1913, which said judgment was not appealed, and which was enrolled on January 27, 1914, during the life of said J. P. as shown by his docket, he having entered the fact of enrollment on his docket over his signature; second, the attempt was to contradict the recitals on the docket of the said J. P. by supplying a summons issued on a date different from that shown on the said docket; third, the attempt was not in conformity with the statute in that behalf provided, and was not supported by proper affidavit; fourth, said attempt was not made before R. M. Gray or his successor in office, or the custodian of the record sought to be supplied.

We submit therefore that, even if the record had shown a valid service on T. E. Marshall, there is nothing in the record to show that B. F. Marshall was served with process issued by said J. O., and the judgment against the said B. F. Marshall was void for want of jurisdiction.

We respectfully submit that the court did not err in amoving the levy, quashing the writ of execution and dismissing the garnishment. Under the foregoing facts as shown by the record of this cause and the law of the case we submit to your honorable court that the circuit court in the trial of this cause committed no error and that substantial justice was given to the parties, and the case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The Carrollton Hardware & Implement Company, a corporation, filed a suit in justice of the peace court in Carroll county against B. F. and T. E. Marshall. A judgment by default was entered, and some years after the entry of this judgment B. F. & F. L. Marshall took a contract with Carroll county to build a bridge and bought bridge material from a nonresident concern, the Bank of Carrollton guaranteeing payment for the material and taking security, including the bridge material and the contract of the county with B. F. & F. L. Marshall, and on this guaranty of the bank the material was shipped and came into the possession of B. F. & F. L. Marshall. In the shipping of the bridge material there seems to have been an overcharge of freight, and the Carrollton Hardware & Implement Company sued out execution and issued writs of garnishment on the judgment, and under said execution an officer levied upon the bridge material, and the bank filed a claimant's issue and gave bond for the forthcoming of the material under the execution. The railroad was garnished for the amount it may have been

due to B. F. and T. E. Marshall, and answered that it did not owe B. F. and T. E. Marshall anything, but that it owed B. F. & F. L. Marshall a named amount for freight overcharge, and suggested that said debt was not subject to garnishment on the judgment against B. F. and T. E. Marshall. B. F. & F. L. Marshall were summoned into court to propound any claims they may have to the interest owing by the railroad, and filed an answer showing that they were partners, and that the debt due from the road was a partnership debt, and that the judgment against B. F. and T. E. Marshall would not authorize the levying upon the firm property or garnishing debt due the firm of B. F. & F. L. Marshall. B. F. Marshall. appeared in the justice of the peace court, and so did the bank, and moved the court to amove the levy and quash the garnishment, which motion the justice of the peace sustained, and the hardware company appealed to the circuit court. The burden was upon the plaintiff in execution to show liability to execution and garnishment, and when it introduced the transcript of the proceedings in justice court, objection was. made that the judgment was void because it did not show any service of process upon the defendants in the original judgment upon which execution was issued. The court reserved ruling, and at the conclusion of the hearing took the matter under advisement for two days, during which two days the hardware company produced an alleged summons found in the residence of the justice of the peace who rendered the original judgment reciting that the constable had executed the summons by reading to the defendant T. E. Marshall the same. It also produced the constable and tendered him as a witness to prove that he had executed summons on B. F. Marshall, and offered a summons certified to be a copy of the original summons to the best of the knowledge and recollection of the said constable. The circuit judge held the judgment void, and quashed the execution, and discharged

the garnishment, and Carrollton Harware & Implement Company appealed here.

Neither the transcript of the record from the justice of the peace court nor the original papers in the files certified by the justice of the peace showed service of any process upon either B. F. or T. E. Marshall in the original judgment rendered by R. N. Gray, justice of the peace, and no process or return thereon was delivered to Norwood, present justice of the peace by the representatives of Gray, the former justice of the peace who had died since the original trial. The judgment of Justice of the Peace Gray was a default judgment, showing on its face that the parties were called and came not, but failed to recite that they or either of them had been served with process, and there was no notation made upon the docket of the justice of the peace of the return of the process showing personal service. Section 2726 of the Code or 1906 (section 2225 of Hemingway's Code) provides:

"Every justice of the peace shall keep a well-bound book, styled 'Docket,' in which he shall enter the names of the plaintiff and defendant in any suit brought before him, and the character of the suit; the time of issuing process and when returnable, and a copy of the return made thereon by the officer; the time of filing the defendant's set-off, if any; the appearance or default of parties summoned to appear; the date and amount of the judgment; the execution when issued, and a copy of the return thereon; the appeal, when and by whom demanded, and all the proceedings before him touching the suit; and he shall make like entries of all proceedings of a criminal nature before him heard and determined. And it shall be the duty of a justice, when required, to furnish to either party a certified copy of such proceedings, and of all papers and process relating thereto."

Section 83 of the Code of 1906 (section 63 of Hemingway's Code) provides that in case of appeal from

a judgment of the justice of the peace the justice of the peace shall at once make up a transcript of the record and properly transmit the same to the clerk of the circuit court. It is this copy of the entries on his docket which the justice of the peace is to transmit and certify to the circuit court on appeal. *Hughston* v. *Cornish,* 59 Miss. 372. The justice of the peace had no authority to enter the judgment, unless the parties were personally served with process in the manner required by law, and his docket should have shown the officer's return, as required by the Code section above cited.

If we concede that the appellant from a justice of the peace could show the service of process by the officer making the same or by any paper not filed with the justice of the peace, it would not avail the appellant here, because the process returned as to the defendant T. E. Marshall shows on its face that it was not served in the manner required by law. This kind of service has been expressly condemned by this court in the cases of *French* v. *State,* 53 Miss. 651, *Thomas* v. *State,* 62 Miss. 186, and *Dogan* v. *Barnes,* 76 Miss. 568, 24 So. 965.

The judgment being rendered against T. E. Marshall and B. F. Marshall jointly as an entire judgment, it cannot be valid, and cannot be supported, unless there be service of process on each of the defendants. If it is void as to one it is void as to all. *Comenitz* v. *Bank of Commerce,* 85 Miss. 662, 38 So. 35. In addition to actually proving the serving of the process by the constable, there would necessarily have to be proof that the summons was returned to the justice of the peace because he would not be authorized to proceed until such return was made, and the record wholly fails to show any such return. The judgment of the lower court is accordingly affirmed.

*Affirmed.*