## BANK OF PHILADELPHIA *et al. v.* POSEY *et al.*

[95 South. 134. No. 22247.]

COURTS. *Subsequent decision overruling prior decision upon which property rights based held not retroactive; presumed that decision overruling prior decision upon which property rights based not retroactive.*

Where rights of property have been acquired in accordance with the law as declared by a decision of a court of last resort, a subsequent decision, overruling the prior decision and reversing the rule of law thereby established, will not be allowed to retroact so as to destroy such rights. In order to obtain the benefit of this rule it is not necessary for the person who acquired the property right in accordance with the prior decision to prove that he relied thereon in acquiring such right, for reliance thereon will be presumed.

On suggestion of error. Suggestion of error sustained, decree reversed, and judgment rendered.

For former opinion, see 92 So. 840, 130 Miss. 530.

SMITH, C. J., delivered the opinion of the court.

When J. R. Brantley purchased the land in controversy from Jones Brantley, the judgment rendered against him, Jones and Z. A. Brantley in favor of the Milburn Wagon Company in 1907 was not only void, under the rule applied in *Weis* v. *Aaron,* 75 Miss. 138, 21 So. 763, 63 Am. St. Rep. 594; *Comenitz* v. *Bank,* 85 Miss. 662, 38 So. 35; *Hardware & Implement Co.* v. *Marshall,* 117 Miss. 224, 78 So. 7, and *Boutwell* v. *Grayson,* 118 Miss. 80, 79 So. 61, but, if valid, would have been barred by the statute of limitation, and the judgment against Jones and Z. A. Brantley in favor of the Millburn Wagon Company, rendered in 1915, on which the execution here in question was issued, was void under those decisions. Consequently, as the law was then understood and applied, J. R. Brantley acquired the land

and incumbered it to the Bank of Philadelphia free from the lien of either of those judgments. If the rule applied in these cases is one of property, and if they are to be overruled, as we think they should be, the right of J. R. Brantley and of the bank to the land unincumbered by a lien because of the judgment on which the execution here in question was issued should not be disturbed, for the rule universally recognized is that, where rights of property have been acquired in accordance with the law as declared by a decision of a court of last resort, a subsequent decision, overruling the prior decision and reversing the rule of law thereby established, will not be allowed to retroact so as to destroy such rights. This rule of property now called to our attention by counsel for the appellants was not overlooked by us when we affirmed the decree here under consideration, as will appear from the dissenting opinion then rendered, but we erred in concluding that it was inapplicable here. When a judgment by default is rendered against several persons, and one of them is not served with process, the question as to the validity *vel non* of the judgment as to those persons who were served with process involves primarily a rule of practice, but when the judgment affects property rights, it then becomes to that extent a question of substantive law. Counsel for the appellees say that this rule of property cannot be here invoked for the reason that it does not appear that either J. R. Brantley or the bank of Philadelphia relied upon the decisions hereinbefore referred to when they acquired their rights in the land. Evidence of such reliance is neither necessary nor competent. If the decisions announce a rule of property, reliance thereon in the acquisition of property will be presumed.

The opinion rendered by us when the decree of the court below was affirmed will be adhered to, but the rule of property herein announced will be observed. From which it must follow that the judgment hereinbefore rendered will be set aside, the decree of the court below will be reversed,

and a final decree will be rendered here, perpetually enjoining the appellees from selling the land under the execution issued on the Milburn Wagon Company's judgment.

Suggestion of error sustained, decree reversed, and judgment here.

*Sustained and reversed.*