## WISE et al. v. COBB et al.*

(Division B.   May 26, 1924.)

[100 So. 189.   No. 23952.]

1. PARTNERSHIP. *Defendant sued as partner by denial of existence of partnership under oath imposes necessity on plaintiff to prove partnership.*

In a suit against two persons as partners, where one of the defendants denies the partnership under oath, the plaintiff must prove the existence of the partnership at the time of the transaction relied upon by him, and unless he so prove it the judgment should be for the defendant.

2. PARTNERSHIP. *Guaranty by one partner on selling, after dissolution, accounts of firm held not binding on another partner.*

Where a person · sells certain accounts formerly belonging to a partnership and signs a written guaranty in his own name guaranteeing the correctness of the accounts, it is the personal contract of such guarantor, and will not bind a former partner who is not a party to the contract.

3. APPEAL AND ERROR. *Partnership. Obligations of partners joint and several; judgment may be rendered against one partner in suit against both; judgment against all partners when evidence authorizes judgment against only one reversed in part and affirmed in part.*

The obligations of partners arising from the partnership business is joint and several; and, where a suit is filed against two or more persons as partners, and the proof establishes the obligation only against one of them, judgment may be rendered against that one; and in case a verdict is rendered against all members of a partnership, and a judgment is rendered thereon, but the evidence only authorizes the verdict and judgment against one, the supreme court will on appeal reverse as to those who are not liable and affirm as to those who are liable on the obligation.

4. APPEAL AND ERROR. *Rule as to liability on supersedeas bond on affirmance as to one and reversal as to other principal stated.*

Where a judgment is rendered against two or more persons, from which an appeal is taken, and the judgment reversed as to one and affirmed as to another, the principal in the bond as to whom

135 Miss.—43.

the case is reversed is not liable on the bond, but the sureties are liable where a *supersedeas* effected by the appeal bond under Code of 1906, section 58 (Hemingway's Code, section 34).

---

\*Headnote 1. Partnership, 30 Cyc, p. 586 (1925 Anno); 2. Partnership, 30 Cyc, p. 667; 3. Partnership, 30 Cyc, p. 533 (1925 Anno), p. 596 (1925 Anno); Appeal and Error, 4 C. J., section 3218; 4. Appeal and Error, 4 C. J., section 3363 (1925 Anno).

APPEAL from circuit court of Coahoma county.

HON. W. A. ALCORN, Judge.

Suit by P. L. Cobb and another against R. M. Wise and W. B. Wise, as partners. Judgment for plaintiffs, and defendants appeal. Affirmed in part and reversed in part.

*Griffing, Griffing & Taylor,* for appellants.

This cause of action is founded upon an unwritten implied contract purporting to have been made by the firm of Wise Brothers as a partnership transaction, but in fact the real transaction and contract was made by W. B. Wise individually. The question then is, can this instrument be shown to be a partnership agreement instead of an individual agreement, by parol evidence which varies, contradicts and adds to the terms of the written instrument itself, when there is no charge of fraud, overreaching, or mistake in making the contract? All of the oral evidence tending to vary, contradict and add to the terms of the written contract itself was objected to and a motion made to exclude such evidence and such evidence was permitted to go to the jury over the objection of the appellants. 1 Greenleaf on Evidence (15 Ed.), sec. 275; Jones on Evidence (2 Ed.), sec. 441; *Thompson* v. *Bryant, et al.,* 75 Miss. 15; *Pine Grove Lbr. Co.* v. *Interstate Lbr. Co.,* 15 So. 106.

A denial of the partnership was filed in this case and it thereby became the duty of the plaintiffs, appellees, to prove the existence of the partnership and that the

purported contract sued upon was a partnership trans-
action. In this connection, we say that the verdict
of the jury and the judgment of the court are both con-
trary to the evidence in this case.

The next question is the right of the plaintiffs, appel-
lees, to declare upon a joint obligation and recover upon
a several one. If the plaintiffs, appellees, are to recover
upon the pretended, unwritten, implied contract as set
forth in their declaration then they are barred by the
statute of limitations, and such pretended contract is
within the statute of frauds as has been hereinbefore pre-
sented in this brief; otherwise they must recover upon
the individual written contract signed by W. B. Wise
and therefore in this suit having declared upon a joint
contract cannot recover in this suit upon the individual
contract of W. B. Wise. *Kimbrough* v. *Ragsdale, et al.*,
13 So. (Miss.) 830.

*Maynard, FitzGerald & Venable,* for appellees.

By turning to "Exhibit A" this court will see that the
exhibit consists of two pages without any headings or
without any information written thereon. These pages
are 521 and 522 of the ledger of Wise Brothers with the
addition of an old scrap of paper, being part of a bank
statement pinned to and attached to the two ledger pages,
with the following endorsement at the bottom.

"For value received, I hereby transfer and assign to
Cobb & FitzGerald, Jonestown, Mississippi, the above
listed accounts showing the amounts due on this date op-
posite name of debtor. I guarantee the said accounts to
be true and correct.

                    "W. B. WISE, Clarksdale, Miss.
                                    6/29/17."

Nothing is shown by the writing upon these pages as
to whom the said accounts were due, for what the ac-
counts were due, and only abbreviations and hieroglyph-
ics to show what is meant by the figures and names.

Under the rules of evidence, this is clearly explainable by oral testimony to show that they were accounts of Wise Brothers, taken from their ledger; that they were represented as being accounts due to Wise Brothers by the debtors named; also as to what was meant by the memoranda, hieroglyphics and figures, etc., and as to who was selling the accounts and upon what account the sale was made. *Wilson* v. *Horn,* 37 Miss. 477.

"The law will not pronounce a contract incurably uncertain and therefore null until it has cast upon it all light to be gathered either from a collation of all of the words used, or from all contemporaneous facts, which extrinsic evidence establishes." *Peacher* v. *Strauss,* 47 Miss. 366.

"For the purpose of applying an instrument to the facts to determine what passes by it and who takes an interest under it, every fact that will enable the court to identify the person or thing mentioned in the instrument and to place the court as near as may be in the situation of the parties is admissible in evidence." *Shackelford* v. *Hooker,* 54 Miss. 716. See, also, *Mills* v. *Riggle, et al.* Ann. Cas. 1912A 616, and especially note at page 618. Of course these authorities are quoted to show that the evidence was admissible as against both the partners.

This suit was brought, charging the defendants jointly and severally as partners, and the judgment against the defendant, appellants, is joint and several. Either one of them could have taken an appeal from the judgment. Judgment might have been entered against the one and not against the other. If appellants executed joint *supersedeas* bond and the judgment be reversed as to some and affirmed as to others, the court will render judgment against the sureties on the bond. *Terry* v. *Curd,* 66 Miss. 394. In other words, even though R. M. Wise and W. B. Wise contest the fact that this sale of partnership accounts was made as a partnership but was made by W. B. Wise, yet nevertheless judgment being rendered

against R. M. Wise and W. B. Wise and an appeal taken therefrom by both of them, each signed the other's appeal bond. If the judgment is good as to either one, judgment should be given here as against that one and the sureties on the appeal bond which includes the other partner even though the case were reversed as to R. M. Wise.

*Griffing, Griffing & Taylor,* for appellants, in reply.

Replying to brief of appellees as to the first question presented by them, Is the contract sued upon a partnership contract? Regardless of what the contract is they have sued upon an unwritten express or implied contract and have alleged it to be a partnership contract, and there is no separate count, if such there could be in this suit, against W. B. Wise individually, therefore this question of appellees is answered by their own declaration, and they must stand or fall upon the contract sued upon. They cannot declare upon a joint obligation and recover upon a several one.

As to the question whether oral evidence is admissible to contradict, vary, add to, and explain the terms of such a contract as is attempted to be sued upon in this cause, the authorities cited by appellees on this question announce good law, but such authorities are not applicable to this case.

Appellees say because both defendants saw fit to appeal, each was the surety for the other and therefore is liable for the judgment either way the case may go. In answer to this we say the defendants both appealed as principals, and the appeal bond so states, and of course the sureties would be liable in either event, that is if the plaintiffs should recover against either of the defendants but the court may decide as against either one and in favor of either one of the defendants, and the successful defendant is not in any manner liable upon the appeal bond and there is no necessity or such

liability. Section 34 of Hemingway's Code; *Terry* v. *Curd,* 66 Miss. 394, is not in point.

ETHRIDGE, J., delivered the opinion of the court.

The appellees, Cobb and Fitzgerald, sued R. M. Wise and W. B. Wise, as partners, alleging the assignment of certain accounts by the Wise brothers to the plaintiffs and the guaranty that said accounts were true and correct, and averring that certain items were untrue and incorrect. The instrument relied on as a guaranty reads as follows:

"For value received, I hereby transfer and assign to Cobb and Fitzgerald, Jonestown, Mississippi the above listed accounts showing the amounts due on this date opposite name of debtor and I guarantee the said accounts to be true and correct. Clarksdale, Mississippi, June 29th, 1917.

"[Signed]                 W. B. WISE."

There was a denial of the partnership under oath by R. M. Wise. There was also an affidavit denying the indebtedness to the plaintiffs and denying the correctness of the account sued upon; also a plea of the general issue and a plea of the statute of limitation, and a plea of the statute of frauds.

It appears that R. M. Wise and W. B. Wise were formerly partners, and were engaged in business as such at Jonestown, Miss., and that they first sold to Cobb and Fitzgerald their lands, stock of goods, and storehouse in the month of December, 1916. At the time of this purchase the plaintiffs, Cobb and Fitzgerald, would not buy the book accounts and other partnership securities. There was no proof that a partnership existed between R. M. Wise and W. B. Wise on June 29, 1917, at which date the above assignment was executed by W. B. Wise. There is proof in the record by R. M. Wise that the partnership was dissolved after the sale of the storehouse and goods to the plaintiffs and that in January,

1917, for a nominal consideration R. M. Wise sold to W. B. Wise his interest in said accounts. There was other proof tending to show that W. B. Wise conducted some kind of business and that goods were sold to him as an individual. There was some proof in the record that one of the members of the plaintiffs' firm had some conversation with R. M. Wise in reference to the accounts but no statement as to a partnership existing at the time, nor was any contract made with R. M. Wise. The entire dealings were between W. B. Wise and Cobb & Fitzgerald in so far as the assignments and notes were concerned. W. B. Wise did not testify as a witness in the case.

At the conclusion of the evidence the defendant R. M. Wise, moved the court to exclude the evidence and to grant a peremptory instruction as to R. M. Wise because the evidence does not show or connect R. M. Wise with the subject-matter of the lawsuit, nor that he is in any manner liable to the plaintiffs; and, second, that the suit was brought against R. M. Wise and W. B. Wise as a suit on a joint obligation, and the evidence shows it is not an obligation of both partners, but the several obligations of W. B. Wise, and that there is no written evidence of liability or promise of R. M. Wise or any promise on the part of either defendant as to the three hundred three dollars and-fifteen cents item, and that it comes within the statute of frauds; third, that all of the items sued for are shown to be on an oral contract or account, and that the statutes of limitation have run against all of such items; fourth, that it is shown that there is no partnership in existence at the time of making the agreement sued on, or any of them, and therefore no partnership agreement shown, and if there is any liability it would be against W. B. Wise, and not the defendants jointly.

The court granted the plaintiffs a charge to the jury that they should find against W. B. Wise in the sum of three hundred eighty-five dollars and eighty-six cents,

as he signed the agreement of guaranty, and the amount of the contract is undisputed, and, further, that they should find for the plaintiff against R. M. Wise if they believe that in signing the guaranty W. B. Wise was acting both for himself and R. M. Wise, and further instructed the jury that, if they believe from a preponderance of the evidence that there had been such a firm as Wise Bros., composed of R. M. Wise and W. B. Wise, and W. B. Wise had been acting as the agent for this firm in the transaction of its business, and that plaintiffs knew this, and that at the time of the purchase of the accounts plaintiffs relied on this practice, and believed that W. B. Wise was so acting, and believed that he was dealing with the firm of Wise Bros., and had received no notice that this firm was dissolved, then R. M. Wise is estopped to deny that he is not liable on the guaranty, and is estopped to deny that W. B. Wise was his agent in the transaction.

The court below refused the defendants an instruction that under the facts and circumstances of the case oral testimony is not admissible and is not to be considered to vary or contradict the terms of the written contract or agreement attached to the declaration set out above. Defendant also requested and was refused a charge that in this case the written agreement is upon its face conclusively the contract and agreement of W. B. Wise, and is in no wise the contract and agreement of Wise Bros., composed of R. M. Wise and W. B. Wise, and, unless from the evidence in this case the plaintiffs have established by a clear preponderance of the evidence that such written agreement was not the agreement and contract of W. B. Wise, but was the contract of the partnership of W. B. Wise and R. M. Wise, then it is the duty of the jury to find for the defendants.

There was a judgment and verdict against appellants, from which they appealed jointly, and signed the bond reciting ''R. M. Wise and W. B. Wise, principals, and

S. H. Friedman and Sam J. Avery, sureties.'' This.bond is a *supersedeas* bond.

The partnership having been denied under oath, it was encumbent upon the plaintiffs to prove the existence of the partnership at the date of the contract for the purchase of the accounts and notes, and, failing so to do, they are not entitled to recover of R. M. Wise.

It further appears that R. M. Wise did not sign the written guaranty, and is not bound thereby, the guaranty being the individual undertaking of W. B. Wise, and not the undertaking of W. B. Wise and R. M. Wise as partners.

The appellants insist that the plaintiffs are not entitled to recover against W. B. Wise, for the reason that the suit is declared on a joint liability, and not a joint and several liability, and rely upon the case of *Kimbrough* v. *Ragsdale,* 69 Miss. 674, 13 So. 830, in which case the court announced the doctrine that under our joint and several debtor statute the statute did not intend to permit a plaintiff to declare upon a joint contract and recover upon a several one. In that case the parties defendant in the suit were not partners, but one of them was the owner of the building and the other was a contractor who erected the building under contract, and the materialmen sued both jointly for the purchase price of certain material. This case, however, is not applicable to the suit before us, because the declaration declares against the defendants as partners, alleging that the subject-matter of the suit was a partnership liability. The liability of partners is joint and several, and not a joint liability. *Dinwiddie* v. *Glass,* 111 Miss. 449, 71 So. 745; *Hattiesburg Hardware Co.* v. *Pittsburg Steel Co.,* 115 Miss. 663, 76 So. 570; *Fairchild* v. *Grand Gulf Bank,* 5 How. 597. Therefore the plaintiffs in the present suit were permitted to declare' against the partnership and recover against the one who is liable under the proof. The plaintiffs could have dismissed as to R. M. Wise at any stage of the proceedings before verdict and pro-

ceeded against W. B. Wise upon his guaranty. Therefore W. B. Wise is liable, the jury having found that certain of the accounts guaranteed were not true and correct.

It is insisted that the judgment must be affirmed at all events because the appellants executed a joint appeal *supersedeas* bond, and that both the appellants and the sureties were liable thereon for the amount of the judgment against W. B. Wise, and that it can make no difference whether R. M. Wise was liable or not originally because he is now liable if the judgment against W. B. Wise is valid under section 58, Code of 1906 (Hemingway's Code, section 34), which reads as follows:

"Appeal bonds shall be sufficient if signed by one or more of several appellants, with sureties as required by law, and, in case of the affirmance of the decree or judgment complained of, the judgment of affirmance shall be entered against all the appellants in the same manner as if all had signed such bond. But if the decree or judgment be affirmed as to some and reversed as to others of said appellants, the judgment of affirmance shall be entered only against those as to whom it is affirmed, and the sureties on the appeal bond."

And under the case of *Terry* v. *Curd,* 66 Miss. 394, 6 So. 229, holding the sureties liable in case the judgment be affirmed as to other parties. This is true of the sureties upon the bond, but it is not true of the appellant R. M. Wise, who signed the bond as a principal, and not as a surety. Not having signed as surety, he is not liable as surety, and is entitled to have the judgment reversed as to him, with his cost.

The judgment will therefore be affirmed as to W. B. Wise and reversed and dismissed as to R. M. Wise under authority of *Bank of Philadelphia* v. *Posey,* 130 Miss. 530, 825, 92 So. 840; Id., 130 Miss. 825, 95 So. 134.

*Affirmed in part; reversed in part.*